DANIEL JAMES
4141 Palm Avenue, # 160
Sacramento, CA 95842

Telephone: (916) 289-3146

Plaintiff in Pro Per

FILED

JAN 2 6 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL JAMES,

    Plaintiff,

vs.

SACRAMENTO COUNTY, SACRAMENTO COUNTY SHERIFF'S OFFICE, DEPUTY SHERIFF'S OFFICER, McMAHON, BADGE # 200, DOES 1 TO 20,

    Defendants

Case No. 2:18-CV-0180 GEB DB PS

CIVIL COMPLAINT FOR CIVIL RIGHTS VIOLATIONS
[42 USC § 1983]

Demand for Jury Trial

TO THE COURT, TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 42 USC § 1983, and others that may be necessarily asserted later. This is a matter of Federal Question Jurisdiction.

2. This Court has venue in this matter pursuant to 28 U.S.C. § 1391(b).

3. The acts and omissions giving rise to Plaintiff's claim occurred in Sacramento County and therefor the appropriate venue for this action is the United States District Court for the Eastern District of California located in Sacramento, California.

///

## NATURE OF THE CLAIM

4. Plaintiff, DANIEL JAMES, seeks civil penalties and monetary compensation relief against the defendants, SACRAMENTO COUNTY, DEPUTY SHERIFF'S OFFICER, McMAHON, BADGE # 200 and DOES 1 to 20 for failing to give the Plaintiff the rights afforded to him by being a citizen of the United States. All for the following illegal and unconstitutional acts occurred under color law.

5. The amount of damages sought is greater than $75,000.00 due to the extent of the injuries and damages suffered by the Plaintiff at the hands of the defendant governmental employees.

## DEFENDANTS

6. SACRAMENTO COUNTY, DEPUTY SHERIFF'S OFFICER, McMAHON, BADGE # 200 and DOES 1 to 20 are public agencies, or public agency employees, with principal places of business in Sacramento County, CA.

7. All defendants are obligated to protect and preserve the civil rights of the plaintiff through both the United States Bill of Rights, the Constitution and various later enacted applicable Codes to the United States Constitution.

8. The failure of Defendants to provide Constitutional protections to the Plaintiff as required by 42 U.S.C. § 1983 (b) are prohibited acts under the United States Civil Rights Act, 42 U.S.C. § 1983.

9. The defendants acted under color of state laws and under purported state law authority, however those actions were in violations of Plaintiff's rights under 42 USC, § 1983.

## THE FACTS

10. There have been 4 unlawful and constitutionally invalid arrests of the Plaintiff since August, 2016. Those were on the following dates:

a. **August 23, 2016**: Plaintiff called the Sacramento County Sherriff's office for a Civil Standby where Plaintiff needed to get clothing, medications and blood pressure pills from the residence of his girlfriend, Monica Mejia. Ms. Mejia had initiated a TRO against the Plaintiff because she thought Plaintiff was cheating on her with another woman. Despite the fact that Plaintiff was entitled to a civil standby to get my personal effects, and medications, the Sheriff's

1  handcuffed the Plaintiff and took him to jail causing the Plaintiff to leave his clothing and three
2  duffel bags on the ground for a personal loss of approximately $1500.00.  Plaintiff was held in jail
3  for several days for a loss of his personal liberty and freedom.  A Sacramento Sheriff Officer twisted
4  the Plaintiff's left wrist with a huge amount of excessive force reinjuring the prior scaphoid wrist
5  fracture.   Plaintiff spent time in jail and was released with no charges being brought against him.

7     b. **September 6, 2016**: Sacramento Sheriff's law enforcement unlawfully took blood
8  samples of the Plaintiff at the Sacramento jail, after the Plaintiff was arrested while he was sleeping
9  in his vehicle.  Plaintiff's driver ran when she saw a CHP vehicle and left the Plaintiff sleeping in his
10 own vehicle.  Plaintiff's driver knew that Plaintiff needed some sleep, so she gave him an unknown
11 pill drug which caused the Plaintiff become unable to be woken up.   The law enforcement personnel
12 continued to slap the Plaintiff's face until his left side of his face was all bruised and the inside of his
13 mouth was cut.  Daniel James suffered bruises and slap marks on his face.  Thereafter the Sheriff's
14 personnel illegally took a blood sample at the jail when the Plaintiff was unconscious at the jail.  The
15 Sheriff's office has refused to identify the person that took the blood from the Plaintiff.   Although
16 the Plaintiff was never driving that night, the DA is still pursuing DUI charges against the Plaintiff.
17     A hearing was held in the DUI case, to suppress the blood test, on the grounds that the blood
18 was unconstitutionally withdrawn.  The prosecution witness stated in court that the Plaintiff had
19 given consent while in the jail for the blood to be withdrawn.  Plaintiff denied that he gave any
20 consent.  Plaintiff asked the prosecution to produce any video surveillance, and Plaintiff asked the
21 Judge in court whether there were any surveillance videos.  The judge agreed with the Plaintiff that
22 there should be surveillance videos.  The prosecution responded to the discovery request for
23 surveillance videos that a "glitch" occurred and that all the videos were lost.
24     c. **February 10, 2017**:  Plaintiff was arrested for violating a Restraining Order (case # 16
25 DV 0-2252 Mejia v. James) after he called the Sheriff's office for a civil standby so he could obtain
26 the papers necessary for the hearing that afternoon at 1:30 in Dept. 132 in Sacramento, for a hearing
27 on the case that he filed against his former girlfriend, Cynthia Broach.    His fiancé Monica was
28 upset that he had to get papers for this hearing and Monica was threatening to throw some of those

1  papers in the trash. Plaintiff thought it was essential that he obtain the papers for the hearing as well
2  as for the hearing at the DMV at 10:30 am that morning to prevent the lien sale of his 1995
3  Chevrolet Silverado, 4X4 King Cab. No confrontation occurred, but Mr. James was arrested by the
4  Sheriffs for no legitimate reason.
5        On January 20, 2017 there had been a hearing in Dept. 132 William Ridgeway courthouse
6  with Monica Mejia because Ms. Mejia was going to dismiss her Restraining Order against the
7  Plaintiff. The court scheduled the follow up hearing for February 17, 2017 to finalize the dismissal
8  of the TRO. Plaintiff attempted to show the Sheriff's Officers the Dismissal of the Mejia TRO was
9  already in place, however the Officers did not listen to that evidence.
10        The Sheriff's office is legally obligated to allow or assist an inmate to attend any court
11  hearing within Sacramento County, and Mr. James was unable to attend either of those court
12  hearings scheduled for February 10, 2017. Plaintiff was unable to attend the DMV hearing and his
13  1995 Chevrolet Silverado pickup was lost at value of approximately $12,000.00. Because Plaintiff
14  also was unable to attend the TRO hearing at 1:30, he lost possession and control of his 2012
15  Chevrolet Camaro, yet he is still responsible for making payments on that car, that he purchased with
16  his former girlfriend.
17        Plaintiff was due in court for a TRO hearing that same day, yet the Sheriff's Dept. employees
18  arrested the Plaintiff anyway without legal justification. Plaintiff informed the law enforcement
19  officials of his need to be in court for a hearing later that day, however the Sheriff's employees
20  ignored the Plaintiff, causing the Plaintiff to lose the Motion at the hearing due to lack of
21  presentation of evidence. During his arrest the Sheriff's employees used excessive force, and
22  thereafter, failed to submit the Plaintiff to necessary medical treatment. As a result of the excessive
23  force used by the Defendants, Plaintiff suffered torn shoulder tendons in both shoulders, causing long
24  term and permanent injuries.
25        Furthermore, the Sheriff's Office refused to take the Plaintiff to the follow up hearing at the
26  Ridgeway Courthouse to finalize the Mejia dismissal of the TRO.
27        d. **February 10 and February 17, 2017:** Despite Plaintiff informing various law
28  enforcement officials, that Plaintiff needed to be in court on both Feb. 10 and again on Feb 17th,

Civil Complaint          Page 4          1/26/2018

1  2017 for court hearings, the jail officials refused to accommodate the Plaintiff's needs to be in court
2  for the TRO hearings, all in violation of the Plaintiff's Civil Rights. Plaintiff was advised that
3  standard jail procedure that his grievance was supposed to be responded to him within 72 hours of
4  the grievance being filed.
5        e. **March 22, 2017**: Plaintiff was arrested after complaining that his white neighbors at 4407
6  Oakhollow Drive, Apt. 36 had been disparaging the Plaintiff with racial slurs and leaving dog feces
7  on the stairs leading to Plaintiff's apartment. The neighbors also threated the Plaintiff and his fiancé
8  with a 40-inch sword. Officer McMahon deemed the event to be non-threatening to the Plaintiff and
9  his fiancé in an exhibition of racial discrimination against the Plaintiff. Officer McMahon then
10 arrested the Plaintiff for some concerns with the pre-existing Restraining Order, which was unable to
11 be cleared up due to his non-attendance at the hearing on February 17, 2017. Officer McMahon
12 kept asking Plaintiff, "Are you sure you want to file charges against these neighbors. Then we have
13 to talk about the TRO with Monica Mejia." During his arrest the Sheriff's employees used
14 excessive force, and thereafter, failed to transport the Plaintiff for necessary medical treatment. As a
15 result of the excessive force used by the Defendants, Plaintiff suffered torn shoulder tendons in both
16 shoulders, causing long term and permanent injuries. Plaintiff sustained fractures of his scaphoid left
17 wrist due to overly tight handcuffs on that occasion.
18       11. No criminal or civil charges were ever sustained or proven against the Plaintiff.
19
20 **COUNT I -- For Conduct of the defendants on August 23, 2016**
21       12. Paragraphs 1- 11 are incorporated by reference and realleged as if set forth fully herein.
22 Alleged against all the Defendants for asserting unlawful authority against the Plaintiff without legal
23 justification all under the color of legal authority.
24 18. Continuous and ongoing violations of the civil rights and racial discrimination against DANIEL
25 JAMES without considering the true facts of any relevant and attendant facts and circumstances.
26
27 **COUNT II — For Conduct of the defendants on Sept. 6, 2016**
28       13. Paragraphs 1- 11 are incorporated by reference and realleged as if set forth fully herein.

14. Alleged against all the Defendants for asserting unlawful authority against the Plaintiff without legal justification all under the color of legal authority.

**COUNT III – For Conduct of the defendants on February 10, 2017**

15. Paragraphs 1-11 are incorporated by reference and realleged as if set forth fully herein.

16. Alleged against all the Defendants for asserting unlawful authority against the Plaintiff without legal justification all under the color of legal authority.

**COUNT IV -- For Conduct of the defendants on February 17, 2017**

17. Paragraphs 1-11 are incorporated by reference and realleged as if set forth fully herein.

18. Alleged against all the Defendants for asserting unlawful authority against the Plaintiff without legal justification all under the color of legal authority.

**COUNT V – For Conduct of the defendants on March 22, 2017**

19. Paragraphs 1-11 are incorporated by reference and realleged as if set forth fully herein.

20. Alleged against all the Defendants for asserting unlawful authority against the Plaintiff without legal justification all under the color of legal authority.

**RELIEF REQUESTED**

The Plaintiff respectfully requests that this Court:

I. Assess civil penalties of $75,000.00;
II. For reasonable attorney's fees as allowed by law;
III. Award Plaintiff the value of his 1995 Chevrolet Silverado   $ 12,000.00 that he had owned for 20 years.
IV. The likely loss of 2012 Chevrolet Camaro as a result of him not being able to attend the hearing on February 10, 2017, to assert his ownership interests.   $30.000.00
V. Award costs of future medical care and related surgeries to correct the torn shoulder tendons.
VI. Award costs of future medical care to correct wrist problems;

VII.   Award plaintiff judgment for its costs;

IX. For such other and further relief as the Court may deem just and appropriate.

X. Exemplary and Punitive Damages against the individual officers in an amount to be determined according to proof;

## 15. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: 1-26  2018

By _____

DANIEL JAMES, PLAINTIFF IN PROPER