UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAMES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0180 TLN DB PS<br><br><br>ORDER |

Plaintiff, Daniel James, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains about alleged civil rights violations stemming from "unlawful and constitutionally invalid arrests." (Compl. (ECF No. 1) at 2.)

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, plaintiff's complaint will be dismissed with leave to amend.

////

////

1

I. <u>Plaintiff's Application to Proceed In Forma Pauperis</u>

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting <u>Tripati v. First Nat. Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987)); <u>see also</u> <u>McGee v. Department of Child Support Services</u>, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); <u>Smart v. Heinze</u>, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. <u>See</u> 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

II.     Plaintiff's Complaint

Here, plaintiff's complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. In this regard, plaintiff's complaint asserts that plaintiff's rights were violated on several dates of arrest. Specifically, the complaint alleges that on August 23, 2016, plaintiff was subjected to excessive force. (Compl. (ECF No. 1) at 3.)

A claim that a law enforcement officer used excessive force during the course of an arrest is analyzed under the Fourth Amendment and an objective reasonableness standard. See Graham v. Connor, 490 U.S. 386, 395 (1989). Under this standard, "'[t]he force which [i]s applied must be balanced against the need for that force: it is the need for force which is at the heart of the Graham factors.'" Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997) (quoting Alexander v. City and County of San Francisco, 29 F.3d 1355, 1367 (9th Cir. 1994)). Force is excessive when it is greater than is reasonable under the circumstances." Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002) (citing Graham, 490 U.S. 386).

The complaint, however, fails to identify the officer who allegedly subjected plaintiff to excessive force or the facts surrounding the application of force. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

The complaint also alleges that on September 6, 2016, a "Sacramento Sheriff's law enforcement" officer "unlawfully took blood samples of the Plaintiff at the Sacramento jail," following plaintiff's arrest.  (Compl. (ECF No. 1) at 3.)  The Fourth Amendment protects persons against "unreasonable searches and seizures."  U.S. Const. amend. IV.  Blood tests "plainly constitute searches of 'persons,' and depend antecedently upon seizures of 'persons,' within the meaning of that Amendment."  Schmerber v. California, 384 U.S. 757, 767 (1966).  "[W]arrantless compulsory blood tests are unreasonable unless supported by both probable cause and exigent circumstances."  Ellis v. City of San Diego, Cal., 176 F.3d 1183, 1191-92 (1999).  The complaint, however, again fails to identify the defendant.

Moreover, the complaint explains that plaintiff was prosecuted for "DUI" as a result of that arrest.  (Compl. (ECF No. 1) at 3.)  Plaintiff is advised that in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a plaintiff may not prevail on § 1983 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  512 U.S. at 487.  Thus, "Heck says that 'if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed.'"  Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005) (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)).  "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence . . . ."  Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (quoting Smithart, 79 F.3d at 951).

////

4

The complaint also alleges that on February 10, 2017, plaintiff was arrested, "Sheriff's employees used excessive force," failed to provide plaintiff medical treatment, and refused to take plaintiff to court hearings on February 10, 2017, and February 17, 2017. (Compl. (ECF No. 1) at 4-5.) Again, no defendant is named. Finally, the complaint alleges that plaintiff was again subjected to excessive force and a lack of medical treatment during an arrest on March 22, 2017. (Compl. (ECF No. 1) at 5.) The allegations, however, are alleged only against unnamed "Sheriff's employees." (Id.)

To the extent plaintiff is attempting to allege claims against the County of Sacramento or the Sacramento County Sheriff's Office, plaintiff is advised that "[i]n Monell v. Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016). In this regard, "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694).

However, a complaint alleging a Monell violation "'may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)). At a minimum, the complaint should "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[ ] how the policy/custom caused the plaintiff harm, and reflect[ ] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

////

////

III.     Leave to Amend

For the reasons stated above, the complaint must be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original

complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed January 26, 2018 (ECF No. 1) is dismissed with leave to amend.[1]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: May 22, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.
[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

7

DLB:6
DB/orders/orders.pro se/james0180.dism.lta.ord