UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAMES,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>Defendants. | No. 2:18-cv-0180 TLN DB PS<br><br><br>ORDER |

Plaintiff, Daniel James, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's second amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2 & 7.) Therein, plaintiff complains about various civil rights violations which occurred on several dates of arrest.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

I. **Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny

1

leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Second Amended Complaint

As was true of plaintiff's prior complaints, the second amended complaint still largely fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. Although the second amended complaint names seven individual defendants, the second amended complaint fails to allege what specifically wrongful conduct was engaged in by each defendant.

For example, the second amended complaint alleges that "Sacramento County Sheriff's Officer Lee . . . was the agent involved in the incident dated September 6, 2016." (Sec. Am. Compl. (ECF No. 7) at 5.) That on August 23, 2016, a "Sacramento Sheriff Officer twisted Plaintiff's left wrist with a huge amount of excessive force[.]" (Id. at 7.) That on February 10, 2017, "Sheriff's Dept. employees arrested the Plaintiff . . . without legal justification." (Id. at 9.) Although the second amended complaint attempts to identify which defendants were "involved in the incident," the vague and conclusory allegations fail to identify what specific wrongful conduct each defendant allegedly engaged in.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

////

And with respect to the municipal defendant, the second amended complaint fails to "identif[y] the challenged policy/custom, explain[ ] how the policy/custom was deficient, explain[] how the policy/custom caused the plaintiff harm, and reflect[] how the policy/custom amounted to deliberate indifference[.]" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149 (E.D. Cal. 2009); see also Little v. Gore, 148 F.Supp.3d 936, 957 (S.D. Cal. 2015) ("Courts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom.").

The second amended complaint does, however, allege that on September 7, 2016, "P. Rivera" a "Sheriff's personnel officer or employee . . . illegally took a blood sample at the jail when the Plaintiff was unconscious at the jail." (Id. at 7.) The Fourth Amendment protects persons against unreasonable searches. U.S. Const. amend. IV. Blood tests "plainly constitute searches of 'persons,' and depend antecedently upon seizures of 'persons,' within the meaning of that Amendment." Schmerber v. California, 384 U.S. 757, 767 (1966). "[W]arrantless compulsory blood tests are unreasonable unless supported by both probable cause and exigent circumstances." Ellis v. City of San Diego, Cal., 176 F.3d 1183, 1191-92 (1999); see also Missouri v. McNeely, 569 U.S. 141, 148 (2013) ("Such an invasion of bodily integrity implicates an individual's most personal and deep-rooted expectations of privacy.").

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may proceed now on the second amended complaint's (ECF No. 7) Fourth Amendment claim against defendant P. Rivera and serve defendant Rivera as set forth below, and pursue only that claim against that defendant. Alternatively, plaintiff may forgo serving defendant Rivera and attempt to further amend the second amended complaint.

2. **If plaintiff elects to further amend the second amended complaint to address the issues noted above, plaintiff has twenty-eight days so to do**, and shall skip the following service instructions (Nos. 4-10). Plaintiff is not obligated to amend the second amended

////

////

complaint. However, if plaintiff does so, the third amended complaint will also be subject to screening.[1]

      3. **If plaintiff elects to proceed against defendant P. Rivera**, then within twenty-eight days, plaintiff must return the materials for service of process that are enclosed with this order, as described below. In this event the court will construe plaintiff's election as consent to the dismissal of all other defendants and all other claims without prejudice.

      4. Service is appropriate for defendant P. Rivera.

      5. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

      6. The Clerk of the Court shall send plaintiff, for each defendant in paragraph number 4, above: one USM-285, one summons, a copy of the second amended complaint, and an appropriate form for consent to trial by a magistrate judge.

      7. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in paragraph number 4, above, at least:

          a. One completed summons;

          b. One completed USM-285 form;

////

---

[1] Plaintiff is reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The third amended complaint will supersede the second amended complaint, just as the amended complaint superseded the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in a third amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any third amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

5

    c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal; and

    d. One copy of the instant order.

8. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

9. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

10. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

11. Plaintiff's January 26, 2018 motion to proceed in forma pauperis (ECF No. 2) is granted.

Dated: May 21, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/james0180.part.serve.ord