Cniginal

DANIEL JAMES
4141 Palm Avenue, # 160
Sacramento, CA 95842

Telephone: (916) 289-3146

Plaintiff in Pro Per

**FILED**

JUN 0 7 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DANIEL JAMES,

    Plaintiff,

vs.

SACRAMENTO COUNTY, SACRAMENTO
COUNTY SHERIFF'S OFFICE, SCOTT R.
JONES, DEPUTY SHERIFF'S OFFICERS,
Sheriff's Officer Lee, Badge Number 687, Sheriff's
Officers E. Meier, Badge Number 373 and Officer
C. Robinson, Badge number 305, Officer
McMahon, Badge Number 200, Sheriffs' Officers
Ditto, Badge Number 825, Officer Vlasak, Badge
Number 1452, Officer Ramos-Quintanilla, Badge #
704, Officer Gleason, Badge # 968, Officer Brown,
Badge # 19, Officer Parker, Badge #  913, Officer
Williams, Badge # 64, and blood drawer, P.
Rivera, and DOES 1 TO 20,

    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  2:18-cv-0180 TLN DB PS

THIRD AMENDED CIVIL COMPLAINT
FOR CIVIL RIGHTS VIOLATIONS
[42 USC § 1983]

DEMAND FOR JURY TRIAL

TO THE COURT, TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 42 USC §
1983, and others that may be necessarily asserted later.  This is a matter of Federal Question
Jurisdiction.  This action is brought to address deprivations, under color of state authority, of

rights, privileges and immunities secured by the United States Constitution. This court has supplemental jurisdiction of the state law claims under 29 U.S. C. § 1367.

2. This Court has venue in this matter pursuant to 28 U.S.C. § 1391(b) because the Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E. D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento.

4. The acts and omissions giving rise to Plaintiff's claim occurred in Sacramento County and therefor the appropriate venue for this action is the United States District Court for the Eastern District of California located in Sacramento, California.  Plaintiff is a black man and has been unlawfully discriminated against due to the illegal pattern and practices of the Sacramento County Sheriff's Office as further documented herein.

5. Plaintiff alleges that there is a pattern of racial discrimination and gross negligence and ill will towards the plaintiff in all of the actions of the defendants.

**PARTIES**

6. Plaintiff DANIEL JAMES is a resident of the State of California, County of Sacramento.

7. Defendant COUNTY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

9. Defendant SCOTT R. JONES is, and all times material herein was the Sheriff of the COUNTY OF SACRAMENTO. Defendant SCOTT R. JONES is sued in his individual capacity.

10. SACRAMENTO COUNTY SHERIFF'S OFFICERS, Sheriff's Officer Lee, Badge Number 687, Sheriff's Officers E. Meier, Badge Number 373 and Officer C. Robinson, Badge number 305, Officer McMahon, Badge Number 200, Sheriffs' Officers Ditto, Badge Number 825 and Officer Vlasak, Badge Number 1452, Officer Ramos-Quintanilla, Badge # 704, Officer

Gleason, Badge # 968, Officer Brown, Badge # 19, Officer Parker, Badge # 913, Officer Williams, Badge # 64, blood drawer, P. Rivera and DOES 1 to 20 are public agencies, or public agency employees, with principal places of business in Sacramento County, CA.

11. Defendants DOE 1 to 20 are and/or were agents or employees of Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and acted within the scope of that agency or employment and under color of state law.   The true and correct names of DOES 1 to 20 are not known to Plaintiff who sues these Defendants by their fictitious names and will substitute the true ad correct names of Defendants DOES 1 to 20 when ascertained.

## NATURE OF THE CLAIM and GENERAL ALLEGATIONS

12. Plaintiff, DANIEL JAMES, seeks civil penalties and monetary compensation relief against the defendants, SACRAMENTO COUNTY, DEPUTY SHERIFF'S OFFICERS Sheriff's Officer Lee, Badge Number 687, Sheriff's Officers E. Meier, Badge Number 373 and Officer C. Robinson, Badge number 305, Officer McMahon, Badge Number 200, Sheriffs' Officers Ditto, Badge Number 825 and Officer Vlasak, Badge Number 1452, Officer Ramos-Quintanilla, Badge # 704, Officer Gleason, Badge # 968, Officer Brown, Badge # 19, Officer Parker, Badge # 913, Officer Williams, Badge # 64, and blood drawer P. Rivera, who unlawfully took the blood sample from Plaintiff, and DOES 1 to 20 for failing to give the Plaintiff the rights afforded to him by being a citizen of the United States.  All for the following illegal and unconstitutional acts occurred under color of law.

13. Defendants and all of them exhibited racial prejudice against plaintiff DANIEL JAMES on August 23, 2016, on September 6th and 7th, 2016, on February 10, 2017, February 17, 2017, March 22, 2017, March 6, 2018, June 18, 2018, and again on April 28, 2019.   That is on 8 (eight) separate occasions.

14. On Monday, June 18, 2018, Plaintiff DANIEL JAMES went to the Sacramento County Sheriff's office and spoke to Officer, T. Hiehle, Badge Number 035 who advised that the Sheriff's office had no record of the Plaintiff's arrest at the incident when Plaintiff requested

a Civil Standby so he could get clothing and medications at his former girlfriend's home on the date of August 23, 2016. There was also no officer of record on any list of Sheriff's activities in the incident dated August 23, 2016.   There were 4 officers that responded to the Civil Standby.   These defendants are hereby named as DOES 1 through 4, and Plaintiff will amend this complaint to allege those true names once they have been ascertained.

15. Sacramento County Sheriff's Officer Lee, Badge Number 687 was the agent involved in the incident dated September 6, 2016.

16. Sacramento County Sheriff's Officers E. Meier, Badge Number 373 and Officer C. Robinson, Badge number 305 were the Sheriff's Officers agent involved in the incident dated February 10, 2017.

17. Several Sacramento County Sheriff's Officers were involved in the incident on February 17, 2017, when after Plaintiff gave written notice to the Sheriff's office weeks before the TRO hearing date on February 17, 2017, the Sheriff's Office refused to take the Plaintiff to the TRO hearing in Dept. 132 at William Ridgeway Courthouse on Power Inn Road.  Those officers would have been the Jail correctional officers, but it is impossible to determine those names until the Plaintiff is entitled to the Discovery process to learn those officers' names.

18. Sacramento County Sheriff's Officer McMahon, Badge Number 200, was the agent involved in the incident dated March 22, 2017.

19. Sacramento County Sheriffs' Officers Ditto, Badge Number 825 and Officer Vlasak, Badge Number 1452 were the agents involved in the incident dated March 6, 2018.

20. All defendants are obligated to protect and preserve the civil rights of the plaintiff through both the United States Bill of Rights, the Constitution and various later enacted applicable Codes to the United States Constitution.

**FACTUAL ALLEGATIONS**

21. There have been 8 unlawful and constitutionally invalid arrests of the Plaintiff since August 23, 2016.   Those were on the following dates:

22. **August 23, 2016**:  Plaintiff called the Sacramento County Sheriff's office for a Civil Standby where Plaintiff needed to get clothing, medications and blood pressure pills from the residence of his girlfriend, Monica Mejia.   Ms. Mejia had initiated a TRO against the Plaintiff because she thought Plaintiff was cheating on her with another woman.   Despite the fact that Plaintiff was entitled to a civil standby to get my personal effects, and medications, the Sheriff's handcuffed the Plaintiff and took him to jail causing the Plaintiff to leave his clothing and three duffel bags on the ground for a personal loss of approximately $1500.00. Plaintiff was held in jail for several days for a loss of his personal liberty and freedom.  A Sacramento Sheriff Officer twisted the Plaintiff's left wrist with a huge amount of excessive force reinjuring the prior scaphoid wrist fracture.   Plaintiff spent time in jail and was released with no charges being brought against him. Officers DOES 1 through 4 were the officers involved with the violation of Plaintiff's rights on August 23, 2016.

23. **September 6 and 7, 2016**: Sacramento Sheriff's law enforcement unlawfully took blood samples of the Plaintiff at the Sacramento jail, after the Plaintiff was arrested while he was sleeping in his vehicle.  Plaintiff's driver Dawn Jackson ran when she saw a CHP vehicle and left the Plaintiff sleeping in his own vehicle.  Plaintiff had taken his prescription of pain medication Norco and his prescribed sleeping pill of Ambien and Soma which caused the Plaintiff become unable to be woken up.  Plaintiff was unconscious and was transported to the Sacramento County Jail where law enforcement personnel continued to slap the Plaintiff's face until his left side of his face was all bruised and the inside of his mouth was cut.  Daniel James suffered bruises and slap marks on his face.  Thereafter the Sheriff's personnel officer or employee, P. Rivera at 3:30 am on September 7, 2016, illegally took a blood sample at the jail when the Plaintiff was unconscious at the jail.  The Sheriff's office has reluctantly given the identity of the person that took the blood from the Plaintiff. Although the Plaintiff was never driving that night, the DA is still pursuing DUI charges against the Plaintiff.   As of November 13, 2018, the jury was hung and the Sacramento County Judge declared a mis-trial.   Sheriff's Officer Lee, Badge Number 687 was the agent involved in the incident dated September 6, 2016.

24. A hearing was held in the DUI case, to suppress the blood test, on the grounds that the blood was unconstitutionally withdrawn. The prosecution witness stated in court that the Plaintiff had given consent while in the jail for the blood to be withdrawn. Plaintiff denied that he gave any consent. Plaintiff asked the prosecution to produce any video surveillance, and Plaintiff asked the Judge in court whether there were any surveillance videos. The judge agreed with the Plaintiff that there should be surveillance videos. The prosecution responded to the discovery request for surveillance videos that a "glitch" occurred and that all the videos were lost.

25. **February 10, 2017**: Plaintiff was arrested for violating a Restraining Order (Sacramento Superior Court case # 16 DV 0-2252 Mejia v. James) after he called the Sheriff's office for a civil standby so he could obtain the papers necessary for the hearing that afternoon at 1:30 in Dept. 132 in Sacramento, for a hearing on the case that he filed against his former girlfriend, Cynthia Broach. His fiancé Monica was upset that he had to get papers for this hearing and Monica was threatening to throw some of those papers in the trash. Plaintiff thought it was essential that he obtain the papers for the hearing as well as for the hearing at the DMV at 10:30 am that morning to prevent the lien sale of his 1995 Chevrolet Silverado, 4X4 King Cab. No confrontation occurred, but Mr. James was arrested by the Sheriffs for no legitimate reason. Sheriff's Officers E. Meier, Badge Number 373 and Officer C. Robinson, Badge number 305 were the Sheriff's Officers agent involved in the incident dated February 10, 2017. Officers Meier and Robinson reinjured Plaintiff's left wrist scaphoid fracture when they put the handcuffs on and twisted his hand back almost to the back of his neck and they re-tore Plaintiff's previously surgically corrected right shoulder rotator cuff. This was after Plaintiff had advised the officers that his shoulder was recently surgically repaired.

26. On **January 20, 2017** there had been a hearing in Dept. 132 William Ridgeway courthouse with Monica Mejia because Ms. Mejia was going to dismiss her Restraining Order against the Plaintiff. The court scheduled the follow up hearing for February 17, 2017 to finalize the dismissal of the TRO. Plaintiff attempted to show the Sheriff's Officers the Dismissal of the

Mejia TRO was already in place, however the Officers did not listen to that evidence in violation of the Sacramento County Sheriff's customs, police and practices.

27. The Sheriff's office is legally obligated to allow or assist an inmate to attend any court hearing within Sacramento County, and Mr. James was unable to attend either of those court hearings scheduled for February 10, 2017.   Plaintiff was unable to attend the DMV hearing and his 1995 Chevrolet Silverado pickup was lost at value of approximately $12,000.00. Because Plaintiff also was unable to attend the TRO hearing at 1:30, he lost possession and control of his 2012 Chevrolet Camaro, yet he is still responsible for making payments on that car, that he purchased with his former girlfriend.

28. Plaintiff was due in court for a TRO hearing that same day, yet the Sheriff's Dept. employees arrested the Plaintiff anyway without legal justification.  Plaintiff informed the law enforcement officials of his need to be in court for a hearing later that day, however the Sheriff's employees ignored the Plaintiff, causing the Plaintiff to lose the Motion at the hearing due to lack of presentation of evidence.    During his arrest the Sheriff's employees used excessive force, and thereafter, failed to submit the Plaintiff to necessary medical treatment. As a result of the excessive force used by the Defendants, Plaintiff suffered torn shoulder tendons in both shoulders, causing long term and permanent injuries.

29. Furthermore, the Sheriff's Office refused to take the Plaintiff to the follow up hearing at the Ridgeway Courthouse to finalize the Mejia dismissal of the TRO.  Plaintiff had previously given written Grievance form to advised the Sheriff's office that he had a hearing scheduled for this date of February 17, 2019.

30. **February 10 and February 17, 2017:** Despite Plaintiff informing various law enforcement officials in writing and filed a formal written request, that Plaintiff needed to be in court on both Feb. 10 and again on Feb 17th, 2017 for court hearings, the jail officials refused to accommodate the Plaintiff's needs to be in court for the TRO hearings, all in violation of the Plaintiff's Civil Rights.   Plaintiff was advised that standard jail procedure that his grievance was supposed to be responded to him within 72 hours of the grievance being filed.  The Sacramento Sheriff's Department never responded to the Plaintiff's Grievance forms as is

1  required by Sheriff's policy, or his requests to get to court.   These Sheriff's defendants are

2  named DOES 5 through 8.

3  31. **March 22, 2017**: Plaintiff was arrested after complaining that his white neighbors at 4407

4  Oakhollow Drive, Apt. 36 had been disparaging the Plaintiff with racial slurs and leaving dog

5  feces on the stairs leading to Plaintiff's apartment.   The neighbors also threated the Plaintiff

6  and his fiancé with a 40-inch sword.   Officer McMahon deemed the event to be non-

7  threatening to the Plaintiff and his fiancé in an exhibition of racial discrimination against the

8  Plaintiff.   Officer McMahon then arrested the Plaintiff for some concerns with the pre-

9  existing Restraining Order, which was unable to be cleared up due to his non-attendance at

10  the hearing on February 17, 2017.   While at Plaintiff's apartment, Officer McMahon kept

11  asking Plaintiff, "Are you sure you want to file charges against these neighbors. Then we

12  have to talk about the TRO with Monica Mejia."   During his arrest the Sheriff's employees

13  used excessive force, and thereafter, failed to transport the Plaintiff for necessary medical

14  treatment. As a result of the excessive force used by the Defendants, Plaintiff suffered torn

15  shoulder tendons in both shoulders, causing long term and permanent injuries.   Plaintiff

16  sustained renewed fractures of his scaphoid left wrist due to overly tight handcuffs on that

17  occasion.   Officer McMahon used excessive force when he put Plaintiff into handcuffs and

18  then put Plaintiff into the squad car with Plaintiff's hands handcuffed behind his back and

19  McMahon drove the Plaintiff to the Trinity Church at Madison and Hillsdale and parked in

20  the back of the parking lot and left Plaintiff in the squad car for 2 ½ hours in the overly tight

21  handcuffs.   Plaintiff continued to ask McMahon if Plaintiff he could be handcuffed in front

22  of his body due pains from his prior surgeries.   After being transported to the Jail, Plaintiff

23  filled out Grievance forms about McMahon's excessive force.   On March 24, 2017, Plaintiff

24  was released and he went to Kaiser on Morse Avenue where an emergency MRI confirmed

25  that his prior surgeries to the right shoulder had been re-torn by McMahon's actions.

26

27  32. **March 6, 2018:** My girlfriend, Monica Mejia was upset and hit me in the mouth with a TV

28  stand.  She broke out two of my teeth, and the Fire Department advised me that I need

stitches in my lips and gums.   The Sheriff's Officers did arrest Monica for that event and took her off in a patrol car.   For unknown reasons, a half hour later, the officers came back and arrested Plaintiff.   The Restraining Order between myself and Monica Mejia had already been the subject of a Motion to be dissolved or dismissed and was set for hearing on February 17, 2017, but I was unable to attend that hearing, but I know the TRO was dismissed on some later date.   Sacramento County Sheriffs' Officers Ditto, Badge Number 825 and Officer Vlasak, Badge Number 1452 were the agents involved in the incident dated March 6, 2018.

Plaintiff reminded the officers on March 6, 2018, that the Restraining Order with Monica Mejia had been the subject of a hearing to terminate the Order on February 17, 2017 and Plaintiff had shown the hearing papers to the Officers, however the officers continued to believe that the TRO was still in effect, when in fact it was invalid.   The District Attorney chose not to prosecute Plaintiff for any actions alleged to be in violation of the TRO because the TRO was not valid anymore.

Plaintiff begged Officers Ditto, Badge Number 825 and Officer Vlasak, Badge Number 1452 to take Plaintiff to the hospital because his lip and gums were cut in several place and two teeth were knocked out completely, and Plaintiff was covered with blood. Despite these injuries, Plaintiff was transported to the main jail by Officers Ditto and Vlasak and the jail refused to take plaintiff into custody, but the jail nurse or doctor told these officers to take Plaintiff to Mercy General Hospital.

Plaintiff was denied immediate medical care by the two officers Ditto and Vlasak in violation of the Sheriff's policies, customs and practices.   Officers Ditto and Vlasak instructed the hospital staff to "let his ass sit there" which caused Plaintiff to lay handcuffed to the gurney from 8 pm to 3 am without any medical help at all due to the officers' actions in violation of the Sheriff's Department customs, policies and practices.

33. On **June 18, 2018**, Plaintiff DANIEL JAMES went to the Sacramento County Sheriff's office and spoke to Officer, T. Hiehle, Badge Number 035 who advised that the Sheriff's office had no record of the Plaintiff's arrest.   Officer Hiele violated Plaintiff's by prior records of the arresting officers' action from the date of August 23, 2016.

34. On **April 28, 2019**, Sacramento County Sheriff's Officer Ramos did not listen to the story provided by Plaintiff's girlfriend, Monica Mejia, when Ms. Mejia strongly advised Officer Ramos that there was no violence directed towards her, but Officer Ramos continued to insist that some violence occurred because he saw blood on Plaintiff's forehead, which had occurred from the Plaintiff falling onto the concrete and causing his forehead to bleed. Officer Ramos unconstitutionally and in violation of the customs, policies and practices authorized by the SACRAMENTO SHERIFF'S OFFICE did arrest the Plaintiff.

One or more of the following Officers, Officer Ramos-Quintanilla, Badge # 704, Officer Gleason, Badge # 968, Officer Brown, Badge # 19, Officer Parker, Badge # 913, Officer Williams, Badge # 64,

Officer Ramos-Quintanilla pushed the Plaintiff into the car jam of the squad car when he was putting Plaintiff into the car that the force caused a chipped shoulder, bruised ribs, and bruises on Plaintiff's buttocks. This was verified after Plaintiff bonded out on April 30, 2018, and took himself to Kaiser Roseville where x-rays showed the chipped bone in his shoulder. Plaintiff has photos of his injuries.

Officer Ramos-Quintanilla refused to take Plaintiff directly to the hospital despite Plaintiffs begging to go to the hospital and despite the large laceration to Plaintiff's left forehead temple area that was bleeding profusely.

When Plaintiff arrived at the jail, the other jail personnel refused to admit the Plaintiff into jail, but told Officer Ramos-Quintanilla to take Plaintiff to the hospital. Ramos-Quintanilla was angry and when putting Plaintiff into the squad car on the way to Mercy General hospital, Ramos-Quintanilla again shoved Plaintiff into the door jam and injured Plaintiff's had on the top of the door opening.

Plaintiff was caused to spend $5000 to get bailed out. SACRAMENTO'S SHERIFF'S OFFICE refused to provide medical attention to the plaintiff despite Plaintiff needing stitches and the Kaiser doctors found a chipped bone in his shoulder.

SACRAMENTO COUNTY SHERIFF'S OFFICE also caused injuries to Plaintiff's back and buttocks during his arrest and detention on April 28, 2019.

1
2
3
4
5
6
7
8

The following officers were all involved in the arrest and detention and unconstitutional deprivation of rights to the Plaintiff:   Officer Ramos-Quintanilla, Badge # 704, Officer Gleason, Badge # 968, Officer Brown, Badge # 19, Officer Parker, Badge # 913, Officer Williams, Badge # 64 by falsely arresting Plaintiff on the invalid TRO and violated custom, police and practices by using excessive force against the plaintiff and banging his body in the squad car.   All of these five Sheriff's Officers acted in concert to deprive and delay proper medical care and treatment to the Plaintiff despite bleeding profusely.

9
10
11

These five Sheriff's Officers were heard by the Plaintiff to tell the hospital staff to "just go ahead and clear him for arrest."   This is clear evidence of violation of the SHERIFF'S DEPARTMENT'S customs, polices and practices.

12
13

35. No criminal or civil charges were ever sustained or proven against the Plaintiff in any of the above instances leading to his multiple arrests.

14
15

## POLICY, CUSTOM and/or PRACTICE ALLEGATIONS

16
17
18
19
20
21

36. Defendant SCOTT R. JONES, acting as Sheriff, was a final policy making authority for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT as it relates to the training, supervision, and discipline of sheriff's deputies employed at the Sacramento County Jail and acting under his command.   See Cal. Const. art. XI § 1(b).

22
23
24
25
26

37. Defendants DOE 1 to 20 are/were policy making authorities, based on a delegation of authority for Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT as it relates to the training, supervision, and discipline of sheriff's deputies employed at the Sacramento County Main Jail and acting under their command.

27
28

38. Defendants SCOTT R. JONES, COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and DOES 1 to 20, acting under color of state law

and as policy making authorities, knew or should have known that subordinate employees under their command were inadequately trained, supervised, or disciplined resulting from their inadequate policies, customs, or practices, concerning the use of unreasonable force against jail inmates by their subordinates.

39. Defendants SCOTT R. JONES, COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and DOES 1 to 20, were or should have been on notice of these policies, customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources, including multiple past and subsequent instances of use of unreasonable force against inmates at the Sacramento County Main Jail by Defendants, SCOTT R. JONES, COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and DOES 1 to 20, and their subordinates, including that misconduct that occurred in an open setting within the Sacramento County Main Jail, demonstrating that action was taken with impunity, without intervention by others, and/or with integral participation by others:

i)      Multiple jury verdicts against Defendants SCOTT R. JONES, COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT and/or their subordinates. See e.g. *Jones v. County of Sacramento*, E. D. Cal. Case No. 2:09-cv-1025-DAD (jury verdict for excessive force against five sheriff's deputies); *Antoine v. County of Sacramento*, E. D. Cal. Case No. 2:06-cv-01349-WBS-GGH (jury verdict for excessive force against five sheriff's deputies); *Hunter v. County of Sacramento*, E. D. Cal. Case No. 2:06-cv-00457-GEB-AC (jury verdict for policy or custom of subjecting inmates to excessive force against eh County of Sacramento); *Tubbs v. Sacramento County Jail*, E. D.. Cal. Case No. 2:06-cv-00280-LKK-GGH (jury verdict for excessive force against multiple sheriff's deputies); Johnson v. Sacramento County, E. D. Cal. Case No. 2:06-cv-00169-RRB-GGH (jury verdict for excessive force against multiple sheriff's deputies).

ii)     Multiple settlements paid by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT to settle litigation. See

e.g., *Avina-Luna v. County of Sacramento*, D. D. Cal. Case No. 2:14-cv-01295-TLN-DAD (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm during jail intake); *Salinas v. County of Sacramento*, Sacramento County Superior Court, Case No 34-2013-00152323 (settlement of action alleging that a sheriff's deputy broke the plaintiff's right arm during jail intake); *Abdallah v. County of Sacramento*, E. D. Cal. Case No. 2:11-cv-000625-MCE_KJN (settlement of action alleging that five sheriff's deputies beat the plaintiff into unconsciousness during jail intake, causing a lacerated liver, multiple cracked ribs, a broken nose, and facial lacerations); *Duran v. County of Sacramento*, E.. D. Cal. Case No. 2:10-cv-03301-GEB-GGH (settlement of action alleging that a sheriff's deputy broke the plaintiff's left arm during jail intake).

40. Defendants SCOTT R. JONES, COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 20 were or should have been on notice regarding the need to discontinue, modify, and implement new and different versions of the policies, customs, or practices because the inadequacies were so obvious and likely to result in the violation of inmates' constitutional rights.

41. Upon information and belief, additional evidence and information related to Defendants SCOTT R. JONES, COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 20's policies, customs and/or practices will be sought and obtained during the course of this litigation. Although access to the existence or absence of internal policies, customs, or practices prior to discovery is necessarily limited, upon information and belief, Defendants, SCOTT R. JONES, COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 20 have access to and/or knowledge of past and subsequent events and to statements of internal policies, customs, or practices at issue, and in some respects, may be in their sole possession of evidence and facts needed to support or refute these claims.

42. Defendants, SCOTT R. JONES, COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 20 have instituted and maintain a pattern and policy of excessive force and indifference to the civil rights of the Plaintiff as well as harassment, illegal and unjust arrests and physical abuse of the plaintiff as further described in the complaint as follows.   For specific evidence of the Sacramento County Sheriff's Department pattern and practice of racial discrimination and ill will and hatred and bad behavior towards black people, like the Plaintiff, Plaintiff asserts the recent cases against the SACRAMENTO COUNTY SHERIFF'S OFFICE:

a. The case of Brandon Smith, who died in custody after complaining of taking too many narcotics and the Sacramento County Sheriff's office ignored his complaints and Brandon Smith died in custody.

b. Taylor Wool, a white man complained of ingestion of too many drugs and was taken to the hospital, while the Plaintiff herein DANIEL JAMES was incarcerated rather than given medical attention on many occasions.

43. The SACRAMENTO COUNTY SHERIFF'S OFFICE and its employees have had a history of prior involvement with the Plaintiff, and the SHERIFF'S OFFICE continues to hold disregard and dislike for the Plaintiff and refuses and fails to protect the civil rights of the Plaintiff.

44. Defendants SCOTT R. JONES, COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 20, and all of them engaged in civil battery by utilizing excessive and unreasonable force against the Plaintiff.  Defendants also engaged in unlawful false imprisonment by wrongfully detaining the Plaintiff for an extraordinary amount of time as well as being guilty of civil battery, for unlawfully and without consent taking Plaintiff's blood sample.  There was no probable cause of any violation of law, nor was there any exigent circumstances to justify the excessive force utilized by defendants against the Plaintiff.

45. The amount of force utilized against the plaintiff included twisting plaintiff's arms beyond normal stretch limits, by failing to allow the Plaintiff to seek medical attention while he was in custody, which resulted in further injuring Plaintiff's shoulder.

46. The SACRAMENTO COUNTY SHERIFF'S OFFICE policy towards the Plaintiff is deficient because it subjects the Plaintiff to ongoing unfair treatment, and this policy has specifically caused and allows the Sheriff's department to continually arrest and detain the Plaintiff while they investigate and determine the underlying facts.  In a majority of the times, the SHERIFF'S DEPARTMENT declines to prosecute the Plaintiff and releases the Plaintiff without charges being filed.

47. The ongoing unfair treatment of the Plaintiff has harmed the Plaintiff by causing the Plaintiff to be unlawfully and excessively detained and has hindered his ability to maintain his employment and living standards all without just cause.

48. Defendants and all of them acted "under color of legal authority" when they did the unlawful acts against the Plaintiff, thereby subjecting the municipality of Sacramento County subject to respondeat superior.

49. Sacramento County is liable for damages due to their policy, practice and custom of the Sheriff's Office as well as their employees was a motivating factor behind the violation of Plaintiff's constitution al rights.

50. The SHERIFFS DEPARTMENT'S policy amounts to deliberate indifference because the rights of security and protection expected and sought by the Plaintiff is lawful.   Plaintiff has legitimate issues and has just cause to complain of the issues with other individuals in the Plaintiff's lives, including Monica Mejia and Cynthia Broach, who have acted to harm the Plaintiff, yet the SHERIFF'S DEPARTMENT, and their law enforcement personnel, including those named defendants all act and will continue to act to blame the Plaintiff and to hold the Plaintiff in a negative light and disbelieve the Plaintiff when Plaintiff told his story to the Sheriff's Officers.   This all was done in a manner to distrust and harm the Plaintiff and to not give him the rights Plaintiff should expect as a citizen.  Such policy of the Defendants amounted to deliberate indifference to Plaintiff's constitutional rights.

51. The SHERIFF'S DEPARTMENT enforcement personnel and named defendant Sheriff officers all continue to act with deliberate indifference to protecting the Plaintiff's civil rights, by over aggressively handcuffing and unlawfully detaining Plaintiff without justification or good cause.   The SHERIFF'S DEPARTMENT and its named defendant employees have heard Plaintiff complaint about how the handcuffs behind his back were harming his recent shoulder injury and aggravating prior shoulder surgeries, yet the SHERIFF'S DEPARTMENT and its named defendant employees refused to loosen the restrains or to allow the Plaintiff to be put into a position where the restraints will not further injure and exacerbate his recent shoulder injuries.

52. The SHERIFF'S DEPARTMENT and its employees and named defendant Sheriff's officers all act against the Plaintiff without good cause acts to hold the Plaintiff under suspicion and detain the Plaintiff, despite the Plaintiff being guilt free in all of the situations.

53. The amount of damages sought is greater than $75,000.00 due to the extent of the injuries and damages suffered by the Plaintiff at the hands of the defendant governmental employees.

54. The failure of Defendants to provide Constitutional protections to the Plaintiff as required by 42 U.S.C. § 1983 (b) are prohibited acts under the United States Civil Rights Act, 42 U.S.C. § 1983.

55. The defendants acted under color of state laws and under purported state law authority, however those actions were in violations of Plaintiff's rights under 42 USC, § 1983.

56.  Plaintiff is entitled to equal protection under the laws and Constitution of the United States, specifically, the Fourth Amendment.


**PLAINTIFF REQUESTS AND PRAYS THAT THAT THE SHERIFF'S DEPARTMENT AND ALL OFFICERS BE ORDERED AND RESTRAINED FROM FURTHER ONGOING HARASSMENT OF THE PLAINTIFF AND SEEKS A JUDGMENT FOR MONETARY COMPENSATION FROM THE INVOLVED OFFICERS AS WELL AS FROM THE COUNTY IN ORDER TO DETER FUTURE UNLAWFUL AND UNCONSTITUTIONAL**

**CONDUCT BY THER SHERIFF'S OFFICE AND ITS OFFFICERS.**

57.  Plaintiff has been subjected to an ongoing pattern of abuse, harassment and physical assaults and batteries from the Sacramento county sheriff's office and its officers including even when the Plaintiff has called Defendant's law enforcement personnel for assistance, as further described in this complaint.

58.  No criminal or civil charges were ever sustained or proven against the Plaintiff in any of the above instances leading to his multiple arrests.

**ALLEGATIONS**

59.  Plaintiff DANIEL JAMES hereby re-asserts and incorporates by reference all of the preceding paragraphs recited in the FACTS section of the complaint.

60. Plaintiff DANIEL JAMES alleges that the defendants, SCOTT R. JONES, COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 20 and all of them have violated Article I, § 13 of the California Constitution; Cal. Gov. Code §§ 815.2(a), 820(a) by using unreasonable force.

61.  Plaintiff DANIEL JAMES alleges that the defendants, SCOTT R. JONES, COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOES 1 to 20 and all of them have violated California Civil Code § 52.1(b); Cal. Gov. Code § 820(a), the Bane Act by utilizing excessive and unreasonable force against the Plaintiff. In violation of Plaintiff's Fourth and Fourteenth Amends to the U.S. Constitution and arr. I, § 13 of the California Constitution.

**COUNT I -- ASSAULT, BATTERY, FALSE IMPRISONMENT, VIOLATION OF CIVIL RIGHTS, and  EXCESSIVE FORCE, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**For Conduct of all the defendants on August 23, 2016**

62. Paragraphs 1- 61 are incorporated by reference and realleged as if set forth fully herein.

Alleged against all the Defendants for asserting unlawful authority against the Plaintiff without legal justification all under the color of legal authority.

63. There have been continuous and ongoing violations of the civil rights and racial discrimination against DANIEL JAMES without considering the true facts of any relevant and attendant facts and circumstances.

**COUNT II — ASSAULT, BATTERY, FALSE IMPRISONMENT, VIOLATION OF CIVIL RIGHTS, and EXCESSIVE FORCE, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**For Conduct of all the defendants on Sept. 6th and 7th, 2016**

64. Paragraphs 1- 61 are incorporated by reference and realleged as if set forth fully herein.

65. Alleged against all the Defendants including Sheriff's Officer Lee, Badge Number 687, Sheriff's Officers E. Meier, Badge Number 373 and Officer C. Robinson, Badge number 305, Officer McMahon, Badge Number 200, Sheriffs' Officers Ditto, Badge Number 825, Officer Vlasak, Badge Number 1452, and blood drawer P. Rivera for asserting unlawful authority against the Plaintiff without legal justification all under the color of legal authority.

**COUNT III – ASSAULT, BATTERY, FALSE IMPRISONMENT, VIOLATION OF CIVIL RIGHTS, and EXCESSIVE FORCE, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**For Conduct of all the defendants on February 10, 2017**

66. Paragraphs 1-61 are incorporated by reference and realleged as if set forth fully herein.

67. Alleged against all the Defendants for asserting unlawful authority against the Plaintiff without legal justification all under the color of legal authority.

**COUNT IV -- ASSAULT, BATTERY, FALSE IMPRISONMENT, VIOLATION OF CIVIL RIGHTS, and EXCESSIVE FORCE, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**For Conduct of all the defendants on February 17, 2017**

68. Paragraphs 1-61 are incorporated by reference and realleged as if set forth fully herein.

69. Alleged against all the Defendants for asserting unlawful authority against the Plaintiff without legal justification all under the color of legal authority.

**COUNT V – ASSAULT, BATTERY, FALSE IMPRISONMENT, VIOLATION OF CIVIL RIGHTS, and  EXCESSIVE FORCE, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**For Conduct of all the defendants on March 22, 2017**

70. Paragraphs 1-61 are incorporated by reference and realleged as if set forth fully herein.

71.  Alleged against all the Defendants for asserting unlawful authority against the Plaintiff without legal justification all under the color of legal authority.

**COUNT VI – ASSAULT, BATTERY, FALSE IMPRISONMENT, VIOLATION OF CIVIL RIGHTS, and  EXCESSIVE FORCE, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

For Conduct of all the defendants on March 6, 2018

72. Paragraphs 1-61 are incorporated by reference and realleged as if set forth fully herein.

73.  Alleged against all the Defendants for asserting unlawful authority against the Plaintiff without legal justification all under the color of legal authority.

**COUNT VII – ASSAULT, BATTERY, FALSE IMPRISONMENT, VIOLATION OF CIVIL RIGHTS, and  EXCESSIVE FORCE, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

74. For Conduct of all the defendants on June 18, 2018

75. Paragraphs 1-61 are incorporated by reference and realleged as if set forth fully herein.

76.  Alleged against all the Defendants for asserting unlawful authority against the Plaintiff without legal justification all under the color of legal authority.

**COUNT VIII – ASSAULT, BATTERY, FALSE IMPRISONMENT, VIOLATION OF CIVIL RIGHTS, and  EXCESSIVE FORCE, NEGLIGENCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1    77. For Conduct of all the defendants on April 28, 2019

2    78. Paragraphs 1-61 are incorporated by reference and realleged as if set forth fully herein.

3    79.  Alleged against all the Defendants for asserting unlawful authority against the Plaintiff

4    without legal justification all under the color of legal authority.

5

6                              **RELIEF REQUESTED**

7    The Plaintiff respectfully requests that this Court:

8

9    I.    Assess civil penalties of $75,000.00;

10   II.   Assess compensation for general damages for pain and suffering, aggravations, stress and
           loss of enjoyment of life in the sum of $250,000.00;

11
12   III.  Order a Restraining Order or Injunction against the Sacramento County Sheriff's Office to
           restrain them from continuing to harass the Plaintiff while he is driving.

13   IV. For reasonable attorney's fees as allowed by law;

14   V.  Award Plaintiff the value of his 1995 Chevrolet Silverado worth $ 12,000.00 that he had

15       owned for 20 years.

16   VI. The likely loss of 2012 Chevrolet Camaro as a result of him not being able to attend the

17       hearing on February 10, 2017, to assert his ownership interests, worth $30.000.00

18   VII.   Award costs of future medical care and related surgeries to correct the torn shoulder

19       tendons.

20   VIII.  Award costs of future medical care to correct wrist problems;

     IX. Award plaintiff judgment for its costs;
21
     IX. For such other and further relief as the Court may deem just and appropriate.
22
     X.  Exemplary and Punitive Damages against the individual officers in an amount to be
23   determined according to proof;

24

25   80.   **CERTIFICATION AND CLOSING**

26       Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

27   knowledge, information, and belief that this complaint: (1) is not being presented for an improper

28   purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2)

1   is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing

2   existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will

3   likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

4   and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related

papers may be served. I understand that my failure to keep a current address on file with the Clerk's

Office may result in the dismissal of my case.

Dated: June 7, 2019

By _____

DANIEL JAMES, Plaintiff In Proper

**DEMAND FOR JURY TRIAL**

A Jury trial is demanded on behalf of Plaintiff Daniel James.

Dated: June 7, 2019

By _____

DANIEL JAMES, Plaintiff In Proper