UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAMES, <br><br>  Plaintiff <br><br> v. <br><br> COUNTY OF SACRAMENTO, et al., <br><br> Defendants, | No. 2:18-cv-00180-TLN-DB <br><br><br> **ORDER** |

This matter is before the Court on Defendants the County of Sacramento, Sacramento County Sheriff's Office, Sheriff Scott R. Jones, Deputy Lee, Deputy E. Meier, Deputy Robinson, Deputy McMahon, Deputy Ditto, Deputy Vlasak, Deputy Ramos-Quintanilla, Deputy Gleason, Deputy Brown, Deputy Parker, and Deputy Williams ("Defendants") Motion to Quash Service and Dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(5) and 4(m). (ECF No. 24.) Plaintiff Daniel James ("Plaintiff") filed an opposition. (ECF No. 26.) Defendants filed a reply. (ECF No. 30.) For the reasons set forth below, the Court DENIES Defendants' Motion to Quash Service and Dismiss the Complaint.

///

///

1

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this lawsuit on January 26, 2018, alleging Defendants violated 42 U.S.C. § 1983. (ECF No. 1). Plaintiff alleges these violations occurred during various arrests between August 23, 2016, through April 28, 2019. (ECF No. 15 at 3.) Plaintiff alleges patterns of discrimination, gross negligence, and ill will. (*Id*. at 2.) Specifically, Plaintiff alleges there were eight unlawful arrests during which Defendants committed "assault, battery, false imprisonment, violation of civil rights, and excessive force, negligence, intentional infliction of emotional distress." (*Id*. at 19.)

On November 14, 2018, Plaintiff filed a Second Amended Complaint, which the magistrate judge subsequently screened pursuant to 28 U.S.C. § 1915(e)(2) and allowed Plaintiff to either serve Defendant P. Rivera or amend the Second Amended Complaint. (ECF No. 10 at 4.) Plaintiff attempted both. Plaintiff filed a Third Amended Complaint on June 7, 2019 (ECF No. 15), and served P. Rivera on June 12, 2019, via the County Clerk. (ECF No. 16 at 3.) The Return of Service was unexecuted as P. Rivera was not a Sacramento County Sheriff's Employee. (ECF No. 18.)

Plaintiff was acting *pro se* until the magistrate judge granted Plaintiff's proposed Substitution of Attorney on March 12, 2020. (ECF No. 20.) This Court entered the Initial Pretrial Scheduling Order on March 17, 2020. (ECF No. 22.) The Court issued a Summons on December 11, 2020. (ECF No. 23.) The Summons was executed, again via the County Clerk, on March 22, 2021, and entered on April 29, 2021. (ECF No. 25.) The Summons was addressed to all Defendants, namely "Brown, Ditto, Gleason, Scott R. Jones, Lee, McMahon, E. Meier, Parker, Ramos-Quintanilla, P. Rivera, C. Robinson, Sacramento County, Sacramento County Sheriff's Office, Vlasak, Williams." (*Id.* at 5.) It was served on the Sacramento County Sheriff's Department, and the Risk Management Office of the County of Sacramento forwarded the documentation to their Liability Claims Administrator. (*Id.* at 4.)

On April 12, 2021, Defendants filed the instant motion arguing Plaintiff failed to serve Defendants. (ECF No. 24.) The Court will address Defendants' argument that the case should be dismissed or service should be quashed pursuant to Rule 12(b)(5) due to Plaintiff's failure to serve

2

1  Defendants under Rules 4(m) and 4(e)(2).  (ECF No. 24-1 at 7.)  Defendants argue service was
2  untimely under Rule 4(m) and that Sheriff Jones and the other individual deputy Defendants were
3  not served as required under Rule 4(e)(2).  (*Id.* at 5–6.)

**II.   STANDARD OF LAW**

A.   Rule 12(b)(5)

A party may assert a defense of insufficient service of process under Rule 12(b)(5) via a motion to the court.  Such a motion must be made before pleading.

B.   Rule 4(e)(2)

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the Complaint."  *United Food & Com. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).  Yet, actual notice and naming the defendant in the Complaint does not ordinarily suffice to satisfy substantial compliance.  *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

Under Rule 4(e)(2) a plaintiff can serve a defendant by: (1) delivering a copy of the Summons and Complaint to the individual personally; (2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  Rule (4)(j)(2) provides that a Foreign, State, or Local Government, such as the County of Sacramento, can be served by either: (1) delivering a copy of the summons and Complaint to its chief executive officer; or (2) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.  Rule 4(e)(1) also provides that following state law for serving the Summons is adequate.

California Code of Civil Procedure ("Cal. Civ. Proc. Code") § 416.50 states that "a summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body."  Cal. Civ. Proc. Code **§** 416.90 states that a summons may be served on a person by "delivering a copy of the summons and of the complaint" to a "person authorized by him to receive service of process".

3

### C. Rule 4(m)

A plaintiff is required to serve a defendant "within 90 days after the Complaint is filed." Rule 4(m). If the defendant is not served within 90 days, the court "must dismiss the action without prejudice against the defendant," unless the plaintiff "shows good cause for the failure." *Id*. Rule 4(m) requires a "two-step analysis" for determining relief. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). First, the district court "must extend the time period" for service on a showing of good cause. *Id*. Second, if good cause is not established, "the court has the discretion to dismiss without prejudice or to extend the time period." *Id*.

"On its face, Rule 4(m) does not tie the hands of the district court" even after the "period has expired." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Instead, "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint." *Id*. While no court has ruled the district court's discretion to be limitless, the 1993 amendments to Rule 4(m) "gave courts greater leeway to preserve meritorious lawsuits despite untimely service of process." *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004).

The burden of establishing good cause is on the plaintiff. *Boudette v. Barnette*, 923 F.2d 754, 755 (9th Cir. 1991). "At a minimum, 'good cause' means excusable neglect." *Id.* at 756. However, the Ninth Circuit has declined to articulate a specific test to apply regarding the exercise of discretion. *Sheehan*, 253 F.3d at 513. Rather, to help determine whether there is excusable neglect or whether the court should exercise its discretion, the court considers factors such as: (1) the length of the delay; (2) the reason for the delay; (3) any prejudice to the defendants because of the delay; and (4) any prejudice to the plaintiff if the case were to be dismissed. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007); *Boudette*, 923 F.2d at 756 (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987)).

**III.  ANALYSIS**

Defendants argue in their motion: (1) service was not served to individual Defendants; and (2) service to all Defendants was untimely. (ECF No. 24-1 at 8.) The Court will address each argument in turn.

4

A. <u>Adequacy of Service</u>

Defendants' motion argues Plaintiff failed to properly serve Defendants Sheriff Scott R. Jones, Deputy Lee, Deputy E. Meier, Deputy Robinson, Deputy McMahon, Deputy Ditto, Deputy Vlasak, Deputy Ramos-Quintanilla, Deputy Gleason, Deputy Brown, Deputy Parker, and Deputy Williams. (*Id*. at 9.) Defendants argue Plaintiff did not individually serve these Defendants, nor did Plaintiff use a substitute or authorized method per Rule 4(e)(2)(A), (B), and (C). (*Id.* at 5–6.) Defendants acknowledge Plaintiff served the Summons and Complaint on Defendant County of Sacramento on March 22, 2021, but argue substituted service on an employer or place of employment is not authorized or contemplated under Rule 4(e). (*Id.* at 6.)

Plaintiff spends the entirety of his opposition explaining that at a minimum, all Defendants had actual notice, and Defendants' counsel has made a general appearance in this matter on everyone's behalf. (ECF No. 26 at 2.) The County of Sacramento did not indicate it was only accepting service on its own behalf, nor that it was not accepting service on behalf of the other named Defendants. In fact, Defendants recognize the individual Defendants were served in its Reply: "by serving the Summons and Complaint on County [of Sacramento] and the individual Defendants on March 22, 2021, Plaintiff failed to serve the summons and complaint by or on September 5, 2019." (ECF No. 30 at 3.) Thus, Defendants acknowledge the individual Defendants were served, and their argument has little credibility. The only remaining argument concerns timeliness.

B. <u>Timeliness of Service</u>

This Court's initial pretrial scheduling order provided that "Plaintiff(s) shall complete service of process on all parties within ninety (90) days of the date of the filing of the Complaint." (ECF No. 22 at 1.) The Third Amended Complaint was filed on June 7, 2019. (ECF No. 15.) At the time the Third Amended Complaint was filed, Plaintiff was *pro se* and proceeding *in forma pauperis*. (ECF No. 2.) Therefore, service was not appropriate until the assigned magistrate judge screened the filing pursuant to 28 U.S.C. § 1915(e)(2). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (holding § 1915(e)(2)(B)(ii) allows a district court to dismiss a complaint which fails to state a claim even prior to service of process). Plaintiff's *pro se*

designation was changed on March 16, 2020, when he filed a Substitution of Attorney. (ECF No. 21.) At this point, on March 17, 2020, the Court filed the scheduling order. (ECF No. 22.)

The County of Sacramento was served on March 22, 2021. (ECF No. 24-1 at 6.) Thus, Defendants argue Plaintiff was untimely, as service to the County of Sacramento was performed over 560 days after the expiration of the ninety (90) day period following the Third Amended Complaint. (ECF No. 30 at 3.) However, the earliest Plaintiff could have been required to serve the Complaint was on March 17, 2020, the date of the Initial Pretrial Scheduling Order. (ECF No. 22.) Given Plaintiff's former *pro se* status, and the fact the Summons was not issued until December 11, 2020, the Court will use the date of the Summons as the date triggering service. (ECF No. 23.) This would have required Plaintiff to serve Defendants by March 12, 2021. As the Summons was not served until March 22, 2021, service was ten days late. Additionally, the Summons was not returned until April 29, 2021, a few weeks after the Motion to Quash Service and Dismiss the Complaint had already been filed. (ECF No. 25.)

### C. Good Cause & the Court's Discretion

Pursuant to Rule 4(m), the Court must dismiss the action against Defendants without prejudice unless Plaintiff shows good cause for the failure, or the Court chooses to exercise its discretion. The Court thus looks to: (1) the length of the delay; (2) the reason for the delay; (3) any prejudice to Defendants because of the delay; and (4) any prejudice to Plaintiff if the case were to be dismissed. *Efaw*, 473 F.3d at 1041; *Boudette*, 923 F.2d at 756 (citing *Hart*, 817 F.2d at 80–81).

#### i) *Length of the Delay*

As the Court noted, Plaintiff did not meet the 90-day requirement. Plaintiff did not serve Defendants in a timely manner and at no point did Plaintiff seek an extension from the Court. Plaintiff was ten days late. While the Ninth Circuit has found delays of seven years to be extraordinary, it has also affirmed district courts when granting extensions for service months after the initial deadline. *Efaw*, 473 F.3d at 1041 (holding plaintiff's claim should be dismissed given the extraordinary delay of seven years); *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (holding relief under Rule 4(m) was appropriate even though service was untimely by

1    multiple months). Other circuits have upheld extensions of nearly two years. *See, e.g.*, *McGuire*

2    *v. Turnbo*, 137 F.3d 321, 323–24 (5th Cir. 1998) (holding service was timely where plaintiff

3    served defendant two years after filing suit, as it was within court's extended deadline).

4    Therefore, while the delay weighs against Plaintiff, it is not extraordinary.

5         *ii)*  *Reason for Delay*

6      The "good cause" exception to Rule 4(m) applies only in limited circumstances and is not

7    satisfied by inadvertent error or ignorance of the governing rules. *Wei v. State of Hawaii*, 763

8    F.2d 370, 372 (9th Cir. 1985). The Court acknowledges part of the delay may be attributed to

9    Plaintiff being *pro se*. However, as discussed above, Plaintiff was still untimely in serving

10   Defendants even after obtaining an attorney. Plaintiff fails to cite a reason for delay in his

11   Opposition to the motion. (ECF No. 26.) Instead, he simply articulates that there was substantial

12   service to all Defendants because of his attempt to serve the County of Sacramento. (*Id.* at 2.)

13   Yet, that service itself was untimely.

14     Plaintiff's counsel only executed the Summons following the Motion to Quash Service

15   and Dismiss the Complaint despite having served it weeks prior. (ECF No. 25.) An attorney's

16   ignorance of the rules, oversight, inadvertence, or mistake does not rise to the level of excusable

17   neglect — much less good cause. *Wei*, 763 F.2d at 372 (no good cause to extend time to serve

18   opposing party where counsel's inadvertence was the primary reason offered for the delay).

19   Plaintiff has failed to purport any reason beyond oversight or ignorance. As Plaintiff has not

20   shown excusable neglect, there is no good cause for the delay and this factor weighs heavily

21   against him.

22        *iii)*  *Prejudice to Defendants*

23     At issue is whether Defendants were prejudiced by the delay. For example, in *Efaw*, the

24   delay caused issues with regards to the reliability and availability of witnesses, thus prejudicing

25   the defendant. *Efaw,* 473 F.3d at 1041. Plaintiff fails to address in his Opposition the reason

26   Defendants were not prejudiced by the ten-day delay in service. (ECF No. 26.) However,

27   Defendants have offered no evidence they would be prejudiced if the Court were to allow

28   Plaintiff more time to serve the Summons. (ECF No. 24-1.) Defendants provide no supporting

1  facts or documentation showing the delay caused harm or would cause harm apart from the lack
2  of immediate resolution.  Defendants have offered no evidence of impact on their strategy nor any
3  evidence the delay impacted discovery.  For this factor to weigh in Defendants' favor, they must
4  demonstrate more harm than a mere conclusionary statement regarding the delayed resolution of
5  the case.  *Lemoge*, 587 F.3d at 1196.

6  In conjunction, the Court must consider whether Defendants had actual notice.  *Boudette*,
7  923 F.2d at 756 (citing *Hart*, 817 F.2d at 80–81).  Plaintiff's arguments for both the County of
8  Sacramento receiving actual notice and the individual Defendants receiving actual notice rests on
9  the March 22, 2021 service.  (ECF No. 26 at 1–2.)  Thus, Plaintiff's argument does not go to the
10 root of the issue, the timeliness of the service itself.  Even if the March 22, 2021 service gave
11 Defendants actual notice, it did so after the expiration of the ninety (90) day period.  Plaintiff has
12 offered no other evidence Defendants had actual notice at any point prior to March 22, 2021.
13 (ECF N0. 26.)

14 While there is arguably a lack of timely notice, Defendants failed to articulate how the
15 delay prejudiced them, or will continue to prejudice them.  As such, this factor weighs in
16 Plaintiff's favor.

17              *iv)     Prejudice to Plaintiff*

18 Relief under Rule 4(m) may be justified if the applicable statute of limitations would bar
19 the re-filed action.  *See* Rule 4, Advisory Committee Note to 1993 Amendments, Subdivision
20 (m).  This is because, "unlike a statute-of-limitations standard, the standard for permissibly
21 expanding the period of service under Rule 4(m) has embedded within it a concern for prejudice
22 to the movant."  *Lemoge*, 587 F.3d at 1195.  Dismissal could, in certain circumstances, prejudice
23 a plaintiff.  For example, dismissal where the statute of limitations has run out is the "ultimate"
24 prejudice.  *Id.* at 1196.  In addition, § 1983 claims, such as this one, may be afforded even greater
25 protection given that public policy favors such cases be resolved on the merits given their nature.
26 *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (citing *Eldridge v. Block*, 832
27 F.2d 1132, 1137 (9th Cir. 1987)).  Here, Defendants are asking the Court to dismiss the case.  If
28 dismissal were to bar re-submission of the claim, then the Court must take this into consideration.

Section 1983 does not specify the statute of limitations for claims arising under it. Rather, 42 U.S.C. § 1988 provides that courts should look to the most analogous state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In California, plaintiffs have two years to bring forward personal injury claims. Cal. Civ. Proc. Code §335.1; *see Owens v. Okure*, 488 U.S. 235, 251 (1989) (holding when a state has multiple personal injury statute of limitations, federal courts should apply a state's catch-all personal injury statute of limitation to § 1983 actions).

In this case, the Third Amended Complaint alleges § 1983 violations dating from August 23, 2016, through April 28, 2019. (ECF No. 15.) Thus, in the event of dismissal, Plaintiff would be barred from re-filing an action alleging claims arising from any of these events. *Owens*, 488 U.S. at 251. Given the extraordinary weight courts must give to such an outcome, especially as it pertains to § 1983 claims, this factor weighs heavily in Plaintiff's favor.

          *v)*       *Totality of Factors*

Defendants acknowledge in their Reply the Summons and Complaint were served on the County of Sacramento and the individual Defendants on March 22, 2021. (ECF No. 30 at 3.) Defendants correctly identify this service was untimely given the ninety (90) day requirement. (ECF No. 24-1 at 8.) No evidence has been offered as to why the Summons was not executed at an earlier time. (ECF No. 26.) Thus, Plaintiff has not established good cause for this delay. However, the Court is still free to use its discretion. While the length of the delay weighs against Plaintiff, it does not reach a level of extraordinary. *Lemoge*, 587 F.3d at 1198. Further, there is little to no evidence this delay has prejudiced Defendants beyond the mere existence of the delay itself. On the other hand, dismissal would prejudice Plaintiff, namely the ultimate prejudice of preventing re-filing of the claim.

Given the substantial prejudice that would arise from granting Defendants' motion, the totality of the factors weight in favor of denying Defendants' request. Accordingly, the Court DENIES Defendants' Motion to Quash Service and Dismiss the Complaint.

///

///

**IV. CONCLUSION**

For the aforementioned reasons, the Court DENIES Defendants' Motion to Quash Service and Dismiss the Complaint. (ECF No. 24.)

IT IS SO ORDERED.

DATE: July 6, 2022

_____
Troy L. Nunley
United States District Judge