
UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAMES,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>Defendants. | No. 2:18-cv-00180-DAD-DB<br><br>ORDER TO SHOW CAUSE FOR FAILURE TO PROSECUTE |

    Plaintiff Daniel James initiated this civil rights action on January 26, 2018 by filing his original *pro se* complaint. (Doc. No. 1.) After both his original and first amended complaints were dismissed with leave to amend and being granted leave to proceed *in forma pauperis* in this action, (Doc. Nos. 4, 6, 10), plaintiff filed the operative third amended complaint ("TAC") on June 7, 2019. (Doc. No. 15.) On March 12, 2020, the court granted attorney Dennise Suzanne Henderson's request to substitute in as counsel for plaintiff. (Doc. No. 20.) On July 7, 2022, the then assigned district judge, having previously denied defendants' motion quash service and motion to dismiss, ordered defendants to file a responsive pleading within twenty-one days. (Doc. No. 33.) On July 28, 2022, defendants filed an answer to the TAC. (Doc. No. 34.)

    On August 25, 2022, this case was reassigned to undersigned. (Doc. No. 35.) On October 11, 2023, observing that under the scheduling order (Doc. No. 22), discovery in this action had closed, the deadline to file dispositive motions had passed, and the parties had not filed a joint

notice of trial readiness as required, the court ordered the parties to file a joint notice of trial readiness by October 20, 2023. (Doc. No. 37.) Defendants complied (*see* Doc. No. 38), but plaintiff's counsel did not.

Accordingly, on October 24, 2023, the court issued an order to show cause ("OSC") in writing within seven days as to why this action should not be dismissed due to plaintiff's failure to prosecute. (Doc. No. 39.) Plaintiff's counsel again failed to file any response to that OSC within the deadline. Only on December 12, 2023—six weeks after the original deadline—did plaintiff's counsel respond to the OSC. (Doc. No. 40.) In the response, Ms. Henderson represented that she had missed deadlines due to taking care of her husband, who has been ill, but she stated that she was still able to represent plaintiff and prosecute this case. (*Id.* at 3.)[1]

Plaintiff James was not authorized to file anything on the docket in this action on his own behalf because parties represented by counsel are not permitted to do so. However, on January 30 and February 5, 2024, the Clerk's Office received declarations from plaintiff James himself, and at the court's direction, those declarations were filed on the docket. (*See* Doc. Nos. 42, 43.) In his January 30, 2024 declaration, plaintiff highlighted attorney Henderson's failure to prosecute this case, and expressed his desire for new representation. (Doc. No. 42.) In his declaration filed by plaintiff James on February 5, 2024, he requested that the court appoint new counsel to represent him in this action. (Doc. No. 43.)

The court set a status conference on February 20, 2024, ordering all attorneys of record in this case, as well as plaintiff himself, to appear at the conference. (Doc. No. 41.) Despite the court's courtroom deputy reaching out to plaintiff James and providing him with the Zoom information, and plaintiff James representing that he was able to and intended to appear, plaintiff James did not appear at the February 20, 2024 hearing nor has he otherwise communicated with the court.

As explained at that status conference, the court will not seek to appoint *pro bono* counsel to represent plaintiff James in this action as that limited resource is used sparingly and primarily

---

[1] To date, plaintiff's attorney Henderson still has not filed a notice of trial readiness or a motion to modify the scheduling order governing this action or to reopen discovery.

for incarcerated litigants in civil rights actions.  Plaintiff James has four choices as to how to proceed in this action which has been pending before the court for over six years now.  He can: (1) retain new counsel to represent him in this action; (2) proceed in this action *pro se* (representing himself, instead of being represented by an attorney, as was the case from the initiation of this action in January 2018 through March of 2020); (3) continue having attorney Henderson represent him; or (4) elect to dismiss this action.

Attorney Henderson is ordered to show cause in writing within seven days from the date of entry this order why this case should not be dismissed for failure to prosecute.  Attorney Henderson is warned that her failure to timely respond to this order will result in dismissal of this action due to the failure to prosecute this action and failure to comply with court orders.  Plaintiff James is himself also ordered to file a response to this order on the docket within fourteen days of the issuance of this order, clarifying to the court whether he seeks to (1) retain new counsel to represent him in this action and identifying the new counsel he has engaged to do so; (2) proceed in this action *pro se*; (3) continue having attorney Henderson represent him; or (4) request that this case be voluntarily dismissed.  To the extent that defendants seek to respond to attorney Henderson's and plaintiff James's responses to this order, any such response shall be filed no later than seven days after those responses on behalf of plaintiff are filed.

Accordingly,

1. Attorney Dennise Suzanne Henderson is ordered to show cause in writing by filing a response on the docket within seven (7) days of the issuance of this order as to why this case should not be dismissed for failure to prosecute;

2. Plaintiff Daniel James is ordered to respond to this order by filing a response on the docket within fourteen (14) days of the issuance of this order, clarifying to the court whether he seeks to:  (1) retain new counsel to represent him in this action; (2) proceed in this action *pro se*; (3) continue having attorney Henderson represent him; or (4) request that this case be voluntarily dismissed;

/////

/////

3. To the extent that defendants seek to respond to Ms. Henderson and Mr. James's responses, any such response shall be filed no later than seven (7) days after attorney Henderson and plaintiff James file their responses to this order; and

4. In addition to ECF service on counsel of record, the Clerk of the Court is also directed to serve a copy of this order on plaintiff Daniel James.

IT IS SO ORDERED.

Dated: **February 21, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE