1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                         FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    DANIEL JAMES, et al.,                          No.  2:18-cv-0180 DAD-SCR

11                    Plaintiffs,

12         v.                                        ORDER

13    SACRAMENTO COUNTY,
      SACRAMENTO COUNTY SHERIFF'S
14    OFFICE, et al.,

15                    Defendants.

16

17            Plaintiff has filed a motion for discovery-related sanctions ("Sanctions Motion," ECF No.

18    81) and a motion to compel production of documents and videos ("Motion to Compel," ECF No.

19    82).  The Sanctions Motion seeks $5,000 in sanctions for Defendants' alleged failure to produce

20    all documents required under the court's October 18, 2024 order.  ECF Nos. 78, 81.  The Motion

21    to Compel seeks an order requiring disclosure of additional video camera footage related to

22    Plaintiff's arrests, unredacted versions of documents already produced in this litigation, and all

23    grievances and "kites" Plaintiff submitted while jailed by Defendants.  ECF No. 82.  Defendants

24    oppose both motions.  The Court took both motions under submission after a hearing on January

25    23, 2025 in which Plaintiff appeared pro se and Defendants appeared through counsel.  For the

26    reasons provided below, the Court now DENIES the Sanctions Motion and GRANTS IN PART

27    AND DENIES IN PART the Motion to Compel.

28

1    **I.     Factual and Procedural Background**

2        Plaintiff's Third Amended Complaint ("TAC"), filed June 7, 2019, asserts that he was

3    unconstitutionally arrested on August 23 and September 6-7, 2016; January 20, February 10 and

4    17, and March 22, 2017; March 6 and June 18, 2018; and April 28, 2019.  ECF No. 15 at ¶¶ 21-

5    34.  Based on these arrests, the TAC alleges eight causes of action: "assault, battery, false

6    imprisonment, violation of civil rights, and excessive force, negligence, intentional infliction of

7    emotional distress[.]"  *Id.* at 17-20.  Specifically, the TAC asserts that Defendants Sacramento

8    County, the Sacramento County Sheriff's Office, and Sheriff Scott Jones, as policymaking

9    authorities acting under color of law, should have known based on multiple jury verdicts and

10   settlements that subordinates were inadequately trained concerning the use of unreasonable force

11   against jail inmates.  *Id.* at ¶¶ 38-39.  Plaintiff asserts that he was "subjected to an ongoing pattern

12   of abuse, harassment and physical assaults and batteries from the Sacramento county sheriff's

13   office and its officers[.]"  *Id.* at ¶ 57.

14       On May 13, 2024, pursuant to Plaintiff's motion to relieve his attorney, District Judge

15   Dale Drozd dismissed Plaintiff's counsel from this case and updated the docket to reflect

16   Plaintiff's pro se status.  ECF No. 60.

17       On September 13, 2024, Plaintiff moved to compel Defendants to produce documents

18   pursuant to Plaintiff's request for such production.  ECF No. 68.  The requests for production

19   ("RFP") sought, *inter alia*, all records of Plaintiff's arrests on August 23 and September 6-7,

20   2016; February 10 and March 22, 2017; March 6, 2018; and April 28, 2019.  ECF No. 68 at 10-

21   11.  This included any photos, audio, and videos of Plaintiff on those dates, along with grievances

22   and jail medical records when applicable.  *Id.*

23       On October 18, 2024, the Court ordered Defendants to "to search for and produce all of

24   Plaintiff's medical records pertaining to Plaintiff's arrests and periods of custody that are at issue

25   in this action[,]" through subpoenas if necessary.  ECF No. 78.  Plaintiff, in turn, was to provide

26   any privacy waivers necessary for such production.  *Id.*  Defendants had until 30 days after

27   issuance of the order to produce those records or provide a timeline by which such production

28   would be complete.  *Id.*  As to files Defendants had previously served via flashdrive but Plaintiff

asserted he could not view, Defendants had agreed to share them via file transfer link.  *Id.*  The Court ordered the parties to meet and confer to discuss alternative methods of production if that failed.  *Id.*

Defendants assert that Plaintiff delivered the required HIPAA release for his medical records on October 30, 2024.  ECF No. 92-1 at ¶ 3.  Counsel for Defendants forwarded the release to the Sacramento County Department of Health Services' Adult Correctional Health department, which sent counsel a 61-page fax of Plaintiff's records the next day.  *Id.* at ¶¶ 3-4.  On November 13, 2024, Defendant's counsel served these 61 pages on Plaintiff along with supplemental responses to the RFPs.  *Id.* at ¶ 5; *see also* ECF No. 81 at 10 (supplemental responses dated November 13, 2024).

The Court's October 18 order also noted Plaintiff's apparent inability to access the discovery materials that Defendants had served on Plaintiff and noted Defendants' agreement to facilitate alternative access.  ECF No. 78.  That access now having apparently been provided, Plaintiff's Motion to Compel complains about documents and videos that he believes are missing and about the redactions Defendants have made to other documents.  ECF No. 82.  The Court's October 18 order emphasized that the "discovery period" remains closed and that the Court would not "hear further discovery disputes, with the exception of any dispute about Defendants' compliance with this Order, absent a showing of good cause and diligence."  ECF No. 78.

## II.    Legal Standard

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."  *United States v. Chapman Univ.*, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted).  Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need

3

1    not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Relevance for

2    purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812

3    (9th Cir. 1998). However, relevance alone is not sufficient to obtain discovery— "discovery must

4    also be proportional to the needs of the case." *In re Bard IVC Filters Prods. Litig.*, 317 F.R.D.

5    562, 564 (D. Ariz. 2016). For example, a "party need not provide discovery of electronically

6    stored information from sources that the party identifies as not reasonably accessible because of

7    undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B).

8         Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may

9    move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P.

10   37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

11   incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have

12   'broad discretion to manage discovery and to control the course of litigation under Federal Rule

13   of Civil Procedure 16.'" *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting

14   *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

15        The party moving to compel bears the burden of informing the court (1) which discovery

16   requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why

17   the party believes the response is deficient, (4) why any objections are not justified, and (5) why

18   the information sought through discovery is relevant to the prosecution of this action. *McCoy v.*

19   *Ramirez*, No. 1:13-cv-1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); *Ellis v.*

20   *Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

21        "The party seeking to compel discovery has the burden of establishing that its request

22   satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery

23   has the burden of showing that the discovery should be prohibited, and the burden of clarifying,

24   explaining or supporting its objections." *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL

25   1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). If the party opposing discovery

26   invokes a privilege, the potential benefits of disclosure are weighed against the potential

27   disadvantages. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (citing

28   *Jepsen v. Florida Bd. of Regents*, 610 F.2d 1379, 1384–85 (5th Cir.1980)). If the latter is greater,

1    the privilege bars discovery. *Sanchez*, 936 F.2d at 1034 (citing *Jepsen*, 610 F.2d at 1384–85).

2          If a party fails to obey an order to provide or permit discovery, the court where the action

3    is pending may issue further just orders. Fed. R. Civ. P. 37(b)(2)(A). Such action includes, *inter*

4    *alia*, (iv) staying further proceedings until the order is obeyed and (vii) treating the failure to obey

5    the order as contempt of court. *Id.*

6          The court must also "order the disobedient party, the attorney advising that party, or both

7    to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure

8    was substantially justified or other circumstances make an award of expenses unjust." Fed. R.

9    Civ. P. 37(b)(2)(C).

10          **III.    Analysis**

11          **A. Sanctions Motion**

12               **1.  Plaintiff fails to demonstrate withholding of responsive documents.**

13          Plaintiff asserts that the release dates on the hospital records that Defendants have

14    produced do not match his actual arrests dates. ECF No. 81 at ⁋ 4. Plaintiff further argues that

15    the documents do not articulate why Plaintiff was denied hospitalization, even though he needed

16    it, when arrested in March 2018 and April 2019. *Id.* at ⁋⁋ 5-6. Finally, Plaintiff argues that on

17    September 6-7, 2016, Defendants slapped him awake for the sole purpose of getting written

18    consent for them to draw blood so they could attempt prosecution. *Id.* at ⁋ 7. Plaintiff argues that

19    the documents make no mention of this incident, or contain any review of the decision to slap him

20    awake. *Id.*

21          Both the TAC and Plaintiff's RFPs assert arrest dates of August 23 and September 6-7,

22    2016; February 10 and March 22, 2017; March 6, 2018; and April 28, 2019. ECF Nos. 15 at ⁋⁋

23    21-34, 68 at 10-11. The clinical notes do reflect admissions for September 7, 2016; February 10,

24    2017; the early morning hours of March 7, 2018; and April 29-30, 2019. ECF Nos. 81 at 30-41,

25    43, 48. Defendants argue that these notes are consistent with the alleged arrest dates. ECF No.

26    92 at 5. At minimum, Plaintiff bears the burden of explaining why entries from either the day of

27    his arrests or immediately thereafter cannot reflect relevant treatment. Plaintiff fails to do so.

28          In any case, Plaintiff presumes that there are documents in Defendants' possession or

1   control that would confirm Plaintiff's allegations of misconduct.  A party responding to an RFP is

2   generally not required to create records responsive to the RFP if they do not already exist.

3   *Alexander v. FBI*, 194 F.R.D. 305, 310 (D.D.C. 2000); *Rockwell International Corp. v. H. Wolfe*

4   *Iron & Metal Co*., 576 F. Supp. 511, 513 (W.D. Pa. 1983).  As Defendants note, Plaintiffs do not

5   provide any evidence that Defendants ever documented the items about which he now complains,

6   nor can he propound discovery to that effect because the close of discovery has passed.  ECF No.

7   92 at 5.

8           Plaintiff cannot demonstrate that Defendants have any documents responsive to the RFPs

9   beyond those which Defendant already produced.

10          **2.  Even assuming unlawful withholding, Plaintiff cannot collect monetary**

11                  **damages as a sanction.**

12          Defendants argue that even if Plaintiff had demonstrated that sanctions were appropriate,

13  he has not demonstrated the basis for awarding him $5,000 as part of such sanctions.  ECF No. 92

14  at 5-6.  They note that Plaintiff has proceeded in this action pro se, and his motion does not

15  include any declaration attesting to fees and costs incurred in preparing it.  *Id.* at 6 (citing ECF

16  No. 60).  Defendants conclude that Plaintiff did not incur such fees, and that his request for

17  sanctions therefore lacks evidentiary basis.  ECF No. 92 at 6.

18          The Federal Circuit in *Pickholtz v. Rainbow Techs., Inc.* ruled on whether a pro se litigant

19  is entitled to monetary sanctions when a motion to compel further responses is granted.  284 F.3d

20  1365, 1375 (Fed. Cir. 2002).  In such cases, Federal Rules of Civil Procedure require courts to

21  award "the reasonable expenses *incurred* in making the motion, including attorney fees[.]"  *Id.*

22  (emphasis original) (citing Fed. R. Civ. P. 37(a)(4)(A)).  The court noted that "incurred" is

23  defined as "to have liabilities cast upon one by act or operation of law, as distinguished from

24  contract, where the party acts affirmatively; to become liable or subject to."  *Pickholtz*, 284 F.3d

25  at 1375 (citing Black's Law Dictionary (abridged 5th ed. 1983)).  The Federal Circuit ruled that

26  because no one can "incur" fees owed to oneself, including a lawyer, this rule does not empower

27  a court to award fees to a pro se litigant.  *Pickholtz*, 284 F.3d at 1375-76.

28          The rule governing sanctions for failure to comply with a prior discovery order, in

6

contrast, requires the Court to award "reasonable expenses, including attorney's fees, *caused* by the failure[.]" Fed. R. Civ. P. 37(B)(2)(c). Whether this is also limited to fees incurred, and therefore requires that the moving party have representation, is unclear. In any case, Plaintiff provides no evidence or authority to suggest that a $5,000 award is reasonable.

### B.  Motion to Compel

Plaintiff's Motion to Compel seeks disclosure of additional video camera footage related to his arrests, unredacted versions of documents already produced in this litigation, and all grievances and "kites" Plaintiff submitted while jailed by Defendants. ECF No. 82. Defendants argue that this motion is untimely, that Defendants produced all responsive records in Defendants' possession, and that the contested redactions are required by state law. Given Plaintiff's representation that his former attorney has failed to provide the case file to him, despite his diligent efforts to obtain it, and that Plaintiff otherwise may have been unable to review the discovery that he now contests until after the Court's October 18, 2024 order (ECF No. 78), the Court finds good cause to hear this motion despite discovery being closed.

Plaintiff argues that although Defendants asserted in discovery responses that Plaintiff was not arrested on August 23, 2016, three witnesses can confirm that he was. ECF No. 96 at 2; *see also* ECF No. 68 at 15 ("Responding Party is unable to comply with this request, as the materials never existed, given that Mr. James was not arrested on August 23, 2016[.]"). Plaintiff also proposes an evidentiary hearing to show the documents Defendants have produced. ECF No. 96 at 3. An evidentiary hearing is unwarranted. Nothing prevented Plaintiff from submitting either produced documents or declarations from his witnesses as attachments to his moving papers or reply brief. Plaintiff retains the right to submit such evidence at trial if it is relevant to the merits of the case.

The Court grants Plaintiff relief only to the following extent, for the reasons explained at the January 23, 2025 hearing: *First*, Defendants shall diligently search for the "MVARS" video and "Toxicology Report" from his 2016 arrest and prosecution, which items were on the government's exhibit list for Plaintiff's criminal trial. ECF No. 82 at 5-7. If Defendants are unable to locate those items after a diligent search, they shall produce for Plaintiff a declaration

detailing the steps they undertook in that search.  *Second*, Defendants shall reproduce for Plaintiff largely unredacted versions of documents that are currently redacted as described in the Motion to Compel (*Id*. at 3).  The only material that may remain redacted in those documents is the personal identifying information of the victim, which may remain redacted under Marsy's Law to protect victim privacy.  ECF No. 93 at 6.  "This court has found that in mixed federal and state claim cases, although federal law is ultimately binding, state privilege law which is consistent with its federal equivalent significantly assists in applying privilege law to discovery disputes." *Maldonado v. Sec'y of the Cal. Dep't of Corr. & Rehab*., No. 2:06-cv-02696-MCE/GGH, 2007 WL 4249811, at *5 (E.D. Cal. Nov. 30, 2007).  However, as the Court noted at the hearing, the California state laws concerning CLETS information that Defendants invoke, Government Code §§ 15151, 15153 and 15165, do not speak to discoverability or privacy issues, and cannot be used to shield information from disclosure in this federal lawsuit.  Defendants shall complete these further required actions within 21 days of this Order.  In all other respects, the Court denies Plaintiff further Relief on the Motion to Compel.

### IV.    Conclusion

For the foregoing reasons, it is hereby ORDERED:

1.  Plaintiff's motion for $5,000 in sanctions (ECF No. 81) is DENIED; and

2.  Plaintiff's motion to compel (ECF No. 82) is GRANTED IN PART AND DENIED IN PART as indicated above.

3.  Discovery in this action remains closed.

Dated: February 5, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE