1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL JAMES,                                No. 2:18-cv-00180-DAD-SCR

12                  Plaintiff,

13        v.                                      TENTATIVE PRETRIAL ORDER

14   SACRAMENTO COUNTY, et al.,

15                  Defendants.

16

17        On February 10, 2025, the court conducted a final pretrial conference in this case.

18   Plaintiff appeared at the hearing *in pro per* and attorney Jonathan B. Paul appeared as counsel for

19   defendants.  Having considered the parties' pretrial statements and the views of the parties as

20   expressed at the conference, the court issues this tentative pretrial order.

21        Plaintiff Daniel James brings this civil rights action against defendants Sacramento

22   County, Sacramento County Sheriff's Department, McMahon, Lee, E. Meier, C. Robinson, Pitto,

23   Vlasak, P. Rivera, Scott R. Jones, Ramos Quintanilla, Gleason, Parker, Brown, and Williams,

24   asserting claims arising under 42 U.S.C. § 1983.  Plaintiff's third amended complaint (TAC)

25   alleges he was repeatedly falsely arrested, subjected to excessive use of force, denied medical

26   attention, had his blood taken without his consent, and was denied access to the courts.

27   /////

28   /////

                                                1

I.     JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. § 1331.  Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).  Venue is not contested.

II.    JURY

Both parties have demanded a jury trial.  The jury will consist of eight jurors.

III.   UNDISPUTED FACTS[1]

1.     At all relevant times, Deputy Lee, Deputy Robinson, Deputy McMahon, Deputy Pitto, Deputy Vlasak, Deputy Ramos-Quintanilla, Deputy Gleason, Deputy Brown, Deputy Parker, and Deputy Williams were employed by the Sacramento County Sheriff's Department as deputy sheriffs within the County of Sacramento.

2.     On August 15, 2016, Monica Meija obtained a temporary restraining order against plaintiff Daniel James in Sacramento County Superior Court Case No.: 16DV02252 which restrained the plaintiff from being within 100 yards of Ms. Meija or her residence until the hearing on September 2, 2016.

3.     On September 2, 2016, the Sacramento County Superior Court renewed the temporary restraining order against Daniel James until September 23, 2016.

4.     In the early morning hours of September 7, 2016, plaintiff was arrested by California Highway Patrol Officer M. Riffie and booked into the Sacramento County Main Jail on charges of violating California Vehicle Code § 14601.2(A) Driving When Privilege to Drive Was Suspended/Revoked for DUI/Drugs and California Vehicle Code § 23152(E) Driving a Vehicle While Under the Influence of Any Drug.

5.     On September 23, 2016, Monica Meija obtained a domestic violence restraining order against plaintiff in Sacramento County Superior Court Case No.: 16DV02252 which

/////

---

[1] Defendants are prepared to agree to the following as undisputed facts, though defendants are unaware of plaintiff's position on whether they are undisputed.  As discussed in the pretrial conference, plaintiff, Mr. James, is instructed to identify which, if any, of the proposed undisputed facts he agrees are undisputed in his objections to this tentative pretrial order.  Any explanations or argument regarding why any facts are disputed will not be considered by the court.

Prohibited him from being within 100 yards of her or her residence located at 4407 Oakhollow Drive, Apt. #40, in Sacramento, California and was valid for three years.

6.    On February 10, 2017, plaintiff was arrested at Monica Meija's residence by Deputies Clinton Robinson and Eric Meier and charged with violation of California Penal Code § 273.6 – Violation of Protection Order.

7.    On March 22, 2017, plaintiff was arrested at Monica Meija's residence by Deputies J. Prue and Joseph McMahon and charged with violation of Penal Code § 273.6 – Violation of a Protection Order.

8.    On March 6, 2018, plaintiff was arrested within the presence of Monica Meija by Deputies Casey Pitto and Patrick Vlasak and charged with violation of Penal Code § 273.6 – Violation of a Protection Order.  Said deputies also arrested Monica Meija and she was charged with violation of Penal Code § 273.5 – Infliction of Corporal Injury to Spouse/Cohabitant and Penal Code § 245(A)(1) Assault with a Deadly Weapon.

9.    On April 28, 2019, plaintiff was arrested by Deputies Austin Brown, Jeffrey Williams, Heber Ramos-Quintanilla and Cayman Gleason and charged with violations of Penal Code § 273.5 – Infliction of Corporal Injury to Spouse or Cohabitant and Penal Code § 273.6(A) – Violation of Court Order to Prevent Domestic Violence.

10.    During plaintiff's arrests on February 10, 2017, March 22, 2017, March 6, 2018, and April 28, 2019, he was in violation of the Domestic Violence Restraining Order issued by the Sacramento County Superior Court in Case No.: 16DV02252.

11.    Plaintiff has no economic damage as a result of his encounters with law enforcement on September 7, 2016, February 10, 2017, February 17, 2017, March 22, 2017, March 6, 2018, and April 28, 2019.

12.    Plaintiff has not sought or received any treatment for the physical injuries that he attributes to the defendants except through health care practitioners provided by and/or paid for by the County of Sacramento.

/////

/////

3

13.     There are no facts to support plaintiff's claim against former Sheriff Scott Jones who is sued solely in his individual capacity as he was neither involved in the plaintiff's arrests nor did he directly supervise any of the deputies involved in the arrests of the plaintiff.

IV.     DISPUTED FACTUAL ISSUES[2]

1.     The validity of the restraining order at the time of plaintiff's arrests by Sheriff's Deputies.[3]

2.     The amount of force and reasonableness of the force, if any, used by Deputy David Lee on September 7, 2016, while plaintiff was being processed following his arrest by the California Highway Patrol.

3.     The amount of force and reasonableness of the force, if any, used by Deputies Clifton Robinson and Eric Meier during plaintiff's arrest of February 10, 2017.

4.     The amount of force and reasonableness of the force, if any, used by Deputy Joseph McMahon during plaintiff's arrest of March 22, 2017.

5.     Whether plaintiff had a serious medical need at the time of his arrest by Deputies Casey Pitto and Patrick Vlasak on March 6, 2018.

6.     Whether Deputies Casey Pitto and Patrick Vlasak delayed plaintiff's medical care putting him at substantial risk of suffering serious harm.

7.     Whether Deputies Casey Pitto and Patrick Vlasak took reasonable measures to abate or reduce the risk of serious harm to plaintiff.

8.     Whether Deputies Casey Pitto and Patrick Vlasak's conduct after plaintiff's arrest was objectively reasonable.

---

[2] Plaintiff James lists long paragraphs of argument and alleged facts in his amended pretrial statement, (Doc. No. 100 at 2–7), which the court will not entertain. Plaintiff has not provided the court with any disputed factual issues, which means: "A plain, concise statement of each fact (and any related essential facts) that the party claims or concedes to be in dispute." L.R. 281(b). A disputed fact should not include argument. Rather, each fact should be discrete, not a paragraph of many sentences. Typically, each listed disputed fact is one sentence. If plaintiff wishes to add disputed issues of fact in his objections to the pretrial order, he may do so, but, again, the court will not include them in its Final Pretrial Order unless he follows these directives.

[3] The court observes that any arguments challenging the validity of the restraining orders would not appear to be relevant to any issue to be resolved at trial.

4

9.      The amount of force and reasonableness of the force, if any, used by Deputy Heber Ramos-Quintanilla on April 28, 2019.

10.     Whether plaintiff had a serious medical need at the time of his arrest by Deputies Austin Brown, Jeffrey Williams, Heber Ramos-Quintanilla and Cayman Gleason on April 28, 2019.

11.     Whether Deputy Heber Ramos-Quintanilla delayed plaintiff's medical care, putting him at substantial risk of suffering serious harm.

12.     Whether Deputy Heber Ramos-Quintanilla took reasonable measures to abate or reduce the risk of serious harm to plaintiff.

13.     Whether Deputy Heber Ramos-Quintanilla's conduct after plaintiff's arrest was objectively reasonable.

14.     Whether the individual deputy defendants' use of force during the aforementioned arrests exacerbated plaintiff's pre-existing injuries.

15.     Whether the unidentified main jail sheriff deputies unjustifiably refused to physically transport the plaintiff to court on February 10, 2017 and February 17, 2017.

V.      DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*.  The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.  The parties anticipate filing the motions *in limine* listed below.  Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**.  Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**.  Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

Plaintiff's Motions *in Limine*

None listed.

/////

/////

5

Defendants' Motions *in Limine*

1.     Various motions *in limine* pertaining to the evidence to be presented by plaintiff once plaintiff identifies the exhibits and witnesses he intends to utilize.[4]

VI.    SPECIAL FACTUAL INFORMATION[5]

VII.   RELIEF SOUGHT

1.     Plaintiff seeks civil penalties of $75,000.00.

2.     Plaintiff seeks compensation for general damages for pain and suffering, aggravations, stress and loss of enjoyment of life in the sum of $250,000.00.

3.     Plaintiff seeks a restraining order or injunction against the Sacramento County Sheriff's Office to restrain them from continuing to harass the plaintiff while he is driving.

4.     Plaintiff seeks reasonable attorney's fees as allowed by law.

5.     Plaintiff seeks the value of his 1995 Chevrolet Silverado worth $12,000.00 that he had owned for 20 years.

6.     Plaintiff seeks likely loss of 2012 Chevrolet Camaro as a result of him not being able to attend the hearing on February 10, 2017, to assert his ownership interests, worth $30,000.00.

7.     Plaintiff seeks costs of future medical care and related surgeries to correct the torn shoulder tendons.

8.     Plaintiff seeks costs.

9.     Plaintiff seeks such other and further relief as the court may deem just and appropriate.

/////

---

[4] As discussed at the pretrial conference, in their objections to this order, defendants are instructed to list their anticipated evidentiary MILs more specifically to the extent possible based on the information included in plaintiff's amended pretrial statement.

[5] In defendants' amended pretrial statement, they included a section on special factual information for tort actions for personal injury. Pursuant to Local Rule 281(b)(6), and as discussed in the pretrial conference, the parties are instructed to list those facts in the appropriate sections for undisputed facts or disputed factual issues above and make that change in their objections to this order.

6

10.     Plaintiff seeks exemplary and punitive damages against the individual officers in an amount to be determined according to proof.

VIII.    POINTS OF LAW[6]

The claims and defenses asserted in this action arise under federal law. All of plaintiff's claims are brought against defendants Sacramento County, Sacramento County Sheriff's Department, McMahon, Lee, E. Meier, C. Robinson, Pitto, Vlasak, P. Rivera, Scott R. Jones, Ramos Quintanilla, Gleason, Parker, Brown, and Williams.

1.    The elements of, standards for, and burden of proof in a claim brought under 42 U.S.C. § 1983 for unlawful seizure based upon false arrest in violation of the Fourth Amendment.

2.    The elements of, standards for, and burden of proof in a claim brought under 42 U.S.C. § 1983 for excessive use of force in violation of the Fourth Amendment.

3.    The elements of, standards for, and burden of proof in a claim brought under 42 U.S.C. § 1983 for unreasonable searches of persons in violation of the Fourth Amendment.

4.    The elements of, standards for, and burden of proof in a claim brought under 42 U.S.C. § 1983 for deliberate indifference to serious medical needs in violation of the Fourteenth Amendment.

5.    The elements of, standards for, and burden of proof in a claim for denial of access to the courts.

6.    The elements of, standards for, and burden of proof in a claim for a *Monell* violation.

7.    The elements of, standards for, and burden of proof in an assault claim.

---

[6] As discussed in the pretrial conference, defendants are instructed to specify all affirmative defenses they intend to assert at trial in the points of law section and any affirmative defenses they are abandoning in the abandoned issues section and to make those changes in their objections to this order. Plaintiff is instructed to specify the claims he is pursuing at trial and any claims he is abandoning and make those changes in his objections to this order. Any causes of action or affirmative defenses not explicitly listed in the Final Pretrial Order under points of law at the time it becomes final are dismissed and deemed waived.

8.     The elements of, standards for, and burden of proof in a battery claim.

9.     The elements of, standards for, and burden of proof in a false imprisonment claim.

10.    The elements of, standards for, and burden of proof in a negligence claim.

11.    The elements of, standards for, and burden of proof in an intentional infliction of emotional distress claim.

12.    The elements of, standards for, and burden of proof in an affirmative defense asserting failure to mitigate damages.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX.    ABANDONED ISSUES

1.     Defendants abandon their fourteenth affirmative defense alleging that the plaintiff's claims are barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

X.     WITNESSES

Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendants' witnesses shall be those listed in **Attachment B**.  Each party may call any witnesses designated by the other.

A.     **The court does not allow undisclosed witnesses to be called for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

(1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

(2)    The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

B.     Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of

the unlisted witnesses by filing a notice on the docket so the court may consider

whether the witnesses shall be permitted to testify at trial. The witnesses will not

be permitted unless:

    (1)    The witness could not reasonably have been discovered prior to the

            discovery cutoff;

    (2)    The court and opposing parties were promptly notified upon discovery of

            the witness;

    (3)    If time permitted, the party proffered the witness for deposition; and

    (4)    If time did not permit, a reasonable summary of the witness's testimony

            was provided to opposing parties.

## XI.    EXHIBITS, SCHEDULES, AND SUMMARIES

Plaintiff's exhibits are listed in **Attachment C**.[7] Defendants' exhibits are listed in

**Attachment D**.[8] No exhibit shall be marked with or entered into evidence under multiple exhibit

numbers, and the parties are hereby directed to meet and confer for the purpose of designating

joint exhibits and to provide a list of joint exhibits. All exhibits must be pre-marked as discussed

below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed

alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial,

with a side tab identifying each exhibit in accordance with the specifications above. Each binder

shall have an identification label on the front and spine. The parties must exchange exhibits no

later than **28 days before trial**. Any objections to exhibits shall be filed no later than **14 days**

---

[7] As discussed in the pretrial conference, in his objections to this order plaintiff must identify each exhibit with a brief description (date, author, title, number of pages, bates stamp (if available)) and **<u>cannot</u>** include extraneous argument or narratives.

[8] Defendants have indicated the intent to use plaintiff's medical records subpoenaed from Kaiser Permanente and those produced by plaintiff in response to discovery. As discussed at the pretrial conference, defendants are instructed to add any such documents defendants intend to use, even for impeachment purposes, as specifically described exhibits and make that change in their objections to this tentative pretrial order.

**before trial**. The final exhibit binders shall be delivered to the court by **the Thursday before the trial date.** In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, no further foundation will be required for it to be received into evidence, if offered.

      **The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

    A.    The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

        (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

        (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

    B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

        (1)    The exhibits could not reasonably have been discovered earlier;

        (2)    The court and the opposing parties were promptly informed of their existence;

        (3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

XII.   <u>DISCOVERY DOCUMENTS</u>

      The parties must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

/////

1    Plaintiff has indicated the intent to use the following discovery documents at trial.[9]

2        1.    None.

3    Defendants have indicated the intent to use the following discovery documents at trial.[10]

4        1.    Plaintiff's depositions of September 22, 2023 and April 19, 2024.

5        2.    Plaintiff's responses to interrogatories.

6        3.    Plaintiff's admissions.

7    XIII.    FURTHER DISCOVERY OR MOTIONS

8        On February 6, 2025, the assigned Magistrate Judge issued a ruling granting in part

9    plaintiff's motion to compel.  (Doc. No. 101.)  Pursuant to that order, defendants are required to

10    diligently search for the "MVARS" video and "Toxicology Report" from plaintiff's 2016 arrest

11    and prosecution and to produce largely unredacted versions of documents that are currently

12    redacted.  (*Id.* at 7–8.)   In all other respects discovery and law motion are closed under the

13    governing scheduling order

14    XIV.    STIPULATIONS

15        None.

16    XV.    AMENDMENTS/DISMISSALS

17        Defendants submit that "[i]n order for this case to be at issue, defendant P. Rivera would

18    need to be dismissed from the case pursuant to Fed. R. Civ. Proc. 4(m)" as she "has not appeared"

19    nor been "served with summons and complaint."  (Doc. No. 99 at 2.)  According to the

20    allegations of plaintiff's operative complaint, defendant P. Rivera is a phlebotomist who took

21    plaintiff's blood without his consent.  At the final pretrial conference, defendants argued P.

22    Rivera is not an employee of the County of Sacramento.

23        Plaintiff is hereby ordered to show cause in his objections to this order why P. Rivera

24    should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) due to plaintiff's failure

---

[9]  As discussed at the pretrial conference, plaintiff is instructed to list any discovery documents he intends to use at trial and make that change in his objections to this order.

[10]  As discussed at the pretrial conference, defendants are instructed to provide more specific information identifying "responses to interrogatories" and "plaintiff's admissions" in their objections to this order.

1  to serve process within the time provided.

2  XVI.   <u>SETTLEMENT</u>

3       Defendants report in their amended pretrial statement that defendants made a settlement

4  offer to resolve the case, and plaintiff "rejected said offer claiming it was insulting and indicating

5  that he wants his day in court." (Doc. No. 99 at 20.) The parties have not yet participated in a

6  court-ordered settlement conference.

7       Accordingly, the parties are ordered to **immediately** contact the chambers of the assigned

8  magistrate judge for the setting of a settlement conference prior to the trial of this case.

9  Depending on the assigned magistrate judge's settlement conference procedures, the assigned

10  magistrate judge may hold the settlement conference or may arrange for a different magistrate

11  judge to hold the settlement conference. The parties are instructed that a settlement conference

12  date must be set **within twenty-one days** of the date of issuance of this tentative pretrial order.

13  XVII.   <u>JOINT STATEMENT OF THE CASE</u>[11]

14       This case arises from a dispute between plaintiff Daniel James and defendants Sacramento

15  County, Sacramento County Sheriff's Department, Sacramento County employee P. Rivera, and

16  Sacramento County Sheriff's Department employees McMahon, Lee, E. Meier, C. Robinson,

17  Pitto, Vlasak, Scott R. Jones, Ramos Quintanilla, Gleason, Parker, Brown, and Williams.

18  Plaintiff alleges that these defendants repeatedly falsely arrested him, subjected him to excessive

19  force, denied him medical attention, denied him access to the courts, and on one occasion took his

20  blood without his consent.

21  XVIII.   <u>SEPARATE TRIAL OF ISSUES</u>

22       In defendants' amended pretrial statement, they state that they believe that bifurcation of

23  the *Monell* claim would be helpful as plaintiff must first establish a constitutional violation on the

24  part of the deputy defendants. The court declines to bifurcate the Monell claim at this time.

25  However, in keeping with its standard practice in § 1983 cases like this one, the court will

26  _____

27  [11]  The parties have not provided an agreed-upon neutral statement of the case. Because the
parties do not seem able to cooperate, the court has crafted a potential joint statement of the case.

28  The parties are to provide a joint statement of the case, or the court will use the statement the
court crafted.

bifurcate the punitive damages claim as follows. The court will submit the question of

defendants' liability, including potential liability for punitive damages, to the jury in the first

phase of trial. If the jury makes the requisite finding that punitive damages are available, then the

trial will proceed to a second phase on the question of the amount of punitive damages, if any, to

be awarded.

## XIX.   IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

## XX.   ATTORNEYS' FEES

Plaintiff will seek attorneys' fees and costs if he prevails.

## XXI.   TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

None.

## XXII.   MISCELLANEOUS

In their amended pretrial statement, defendants request that trial briefs be provided to the

court pursuant to Local Rule 285, that all *in limine* motions be provided at the same time as the

trial briefs, and that jury voir dire and jury questionnaires be provided to the court three days prior

to trial. The court denies this request.

## XXIII.   ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is scheduled for **March 25, 2025**, at 9:00 a.m. in Courtroom 4 before the

Honorable Dale A. Drozd. Trial is anticipated to last 4 court days. The parties are directed to

Judge Drozd's Standing Order in Civil Actions, available on his webpage on the court's website.

## XXIV.   PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**. Each party will be

limited to fifteen minutes of supplemental jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury

instructions and verdicts. The parties shall file any such joint set of instructions **14 days before

trial**, identified as "Joint Jury Instructions and Verdicts." To the extent the parties are unable to

agree on all or some instructions and verdicts, their respective proposed instructions are due **14

days before trial**.

1    The parties shall e-mail a copy of all proposed jury instructions and verdicts, whether

2  agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days**

3  **before trial**; all blanks in form instructions should be completed and all brackets removed.

4    Objections to proposed jury instructions must be filed **7 days before trial**; each objection

5  shall identify the challenged instruction and shall provide a concise explanation of the basis for

6  the objection along with citation of authority.  When applicable, the objecting party shall submit

7  an alternative proposed instruction on the issue or identify which of his or her own proposed

8  instructions covers the subject.

9  XXV.  TRIAL BRIEFS

10    As noted above, trial briefs are due **7 days before trial**.

11  XXVI. OBJECTIONS TO PRETRIAL ORDER

12    Each party is granted **10 days from the date of entry of this order** to file objections to

13  the same.  Each party is also granted **7 days thereafter** to respond to the other party's objections.

14  If no objections are filed, the order will become final without further order of this court.

15    The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil

16  Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this

17  action and shall be modified only to prevent manifest injustice.

18    IT IS SO ORDERED.

19

Dated:   **February 11, 2025**

20  DALE A. DROZD
UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

**ATTACHMENT A**

Plaintiff's Witness List

1. Kelly Statum at 4141 Palm Ave. Unit #44.

2. Deborah Bouzoumita who used to live at 4407 Oakhollow Dr. Apt. 29.

3. Bill Yourk who used to live at 4407 Oakhollow Dr. Apt. 25.

4. Daniel Little.

5. Dawn Jackson.

6. Expert witness from Kaiser Permanente.[12]

---

[12] As discussed at the pretrial conference, plaintiff is instructed to list this witness's name in his objections to this order.

**ATTACHMENT B**

Defendants' Witness List

1. Sacramento Sheriff's Department (SSD) Deputy David Lee, Badge No.: 687, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

2. SSD Deputy Eric Meier, Badge No. 373, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

3. SSD Deputy Clifton Robinson, Badge No.: 305, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

4. SSD Deputy Joseph McMahon, Badge No.: 200, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

5. SSD Deputy Jacob Prue, Badge No.: 394, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow way, Ste. 170, Gold River, CA 95670.

6. SSD Deputy Casey Pitto, Badge No.: 825, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

7. SSD Deputy Patrick Vlasak, Badge No.: 1452, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

8. SSD Sergeant Todd Gooler, Badge No.: 4, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

9. SSD Deputy Heber Ramos-Quintanilla, Badge No.: 704, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

10. SSD Deputy Cayman Gleason, Badge No. 968, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

11. SSD Deputy Austin Brown, Badge No.: 19, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

12. SSD Deputy Parker, Badge No.: 913, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

13. SSD Deputy Jeffrey Williams, Badge No.: 64, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

14. SSD Deputy S.M. Daniels, Badge No.: 1493, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

15. SSD Records Officer Swartz, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

16. Carl Hank, RN, Sacramento County Adult Correctional Health, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

17. Steven Friend, M.D., Sacramento County Adult Correctional Health, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

18. Sharon Clark (formerly Muthinja), RN, Sacramento County Adult Correctional Health, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

19. Monica Meija, 4141 Palm Avenue, #160, Sacramento, CA 95842.

20. Deborah Lee Taylor, 4141 Palm Avenue #39, Sacramento, CA 95842.

21. John Paul Griffin, 4141 Palm Avenue #17, Sacramento, CA 95842.

22. M. Riffie, Badge No.: 18115, California Highway Patrol, 5109 Tyler Street, Sacramento, CA 95841.

23. Sacramento County Deputy District Attorney Danny Lee, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

24. Sacramento County Sheriff's Department Person Most Knowledgeable regarding the use of force policy and training on the use of force policy, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

25. Sacramento County Sheriff's Department Person Most Knowledgeable on the policies governing the transportation of incarcerated inmates to outside court appearances, c/o Rivera Hewitt Paul LLP, 2355 Gold Meadow Way, Ste. 170, Gold River, CA 95670.

**ATTACHMENT C**

Plaintiff's Exhibit List

As discussed at the pretrial conference, in his objections to this tentative pretrial order, plaintiff is directed to appropriately revise his exhibit list.

**ATTACHMENT D**

Defendants' Exhibit List

| Exh. | Description |
|------|-------------|
| A | Computer Aided Dispatch Event No.: 16-240421, dated August 14, 2016. (3 pages.) |
| B | Request for Domestic Violence Restraining Order in *Meija v. James*, Sacramento Superior Court Case No.: 16DV02252, filed August 15, 2016. (11 pages.) |
| C | Temporary Restraining Order in *Meija v. James*, Sacramento Superior Court Case No.: 16DV02252, issued on August 15, 2016. (6 pages.) |
| D | Computer Aided Dispatch Event No.: 16-250709, dated August 23, 2016. (1 page – DEF_0001.) |
| E | Restraining Order After Hearing in *Meija v. James*, Sacramento Superior Court Case No.: 16DV02252, filed on September 23, 2016. (7 pages.) |
| F | Mugshot Profile Photo of Daniel James taken September 7, 2016. (1 page – DEF_0011.) |
| G | Sacramento County Sheriff's Department Release Screening Form signed by Daniel James, dated September 7, 2016. (1 page – DEF_0018.) |
| H | Sacramento County Sheriff's Department Custody Log for Daniel James dated September 7, 2016. (1 page – DEF_0015.) |
| I | Arrest Report No.: 0907160053 by California Highway Patrol Officer M. Riffie, badge No.: 18115, dated September 7, 2016. (1 page – DEF 0014.) |
| J | Sacramento County Sheriff's Department Report No.: 2017-45719, dated February 10, 2017. (9 pages – DEF_0027-0035.) |
| K | Sacramento County Sheriff's Department Report No.: 2017-93000, dated March 22, 2017. (12 pages – DEF_0059-DEF_0070.) |
| L | Sacramento County Sheriff's Department Report No.: 2018-0075762, dated March 6, 2018. (13 Pages – DEF_0089-DEF_0101.) |

| M | Sacramento County Sheriff's Department Report No.: 2019-0146794, dated April 29, 2019. (12 Pages – DEF_0125-DEF_136.) |
|---|---|
| N | In Car Camera Video of Plaintiff's Arrest of April 29, 2019, from SSD Case No.: 19-146794. (Approximately 48 minutes – DEF_0195.) |
| O | In Car Camera Video of Plaintiff's Transport from the main jail to the hospital on April 29, 2019, from SSD Case No.: 19-146794. (Approximately 7 minutes – DEF_0196.) |
| P | In Car Camera video of Plaintiff's transport from the hospital to the Main Jail on April 29, 2019, from SSD Case No.: 19-146794. (Approximately 6 minutes – DEF_197.) |
| Q | Correctional Health Services Medical Records of Plaintiff for encounter of April 29, 2019. (4 page - DEF_0217-0220.) |
| R | Correctional Health Services Medical Records of Plaintiff for encounter April 30, 2019. (2 pages - DEF_0215-216.) |
| S | Correctional Health Services Medical Records of Plaintiff for encounter of February 11, 2017. (1 page - DEF_0235.) |
| T | Medical Records from Sutter General Hospital for encounters of April 29, 2019 (5 pages.) |
| U | Medical Records produced by Plaintiff from Sutter General Hospital for an encounter of March 6, 2018 (6 pages.) |
| V | Kaiser Medical Records for Encounter of May 1, 2019 (5 pages.) |
| W | Kaiser Medical Records for encounter of March 12, 2018 (4 pages.) |
| X | Sacramento County Sheriff's Department Assignment History for David Lee. (1 page.) |
| Y | Sacramento County Sheriff's Department Property and Clothing Record for Plaintiff's arrest of March 6, 2018 completed by Deputy Pitto. (1 page - DEF_0117.) |

| | |
|---|---|
| Z | Sacramento County Sheriff's Department Property and Clothing Record for Plaintiff's arrest of April 29, 2019 completed by Deputy Brown. (1 page - DEF_0149.) |
| AA | Sacramento County Sheriff's Department General Order 2/11 – Use of Force (Rev 8/17). (6 pages.) |
| BB | Sacramento County Sheriff's Department Operations Order 10/04 – Medical Intake Screening (Rev 7/07). (2 pages.) |
| CC | Sacramento County Sheriff's Department Operations Order 10/04 – Medical Intake Screening (Rev 6/19). (2 pages.) |
| DD | Sacramento County Sheriff's Department General Order 21/01 – Prisoner Security-Handcuffing (Rev 10/13). (2 pages.) |
| EE | Sacramento County Sheriff's Department Operations Order 6/08 – Court Pull Procedures (Rev 1/12). (2 pages.) |
| FF | Sacramento County Sheriff's Department General Order 3/12 – Detentions, Arrests, Search, Seizure, and Immigration Enforcement (New 3/15). (7 pages.) |
| GG | Sacramento County Sheriff's Department General Order 3/12 – Detentions, Arrests, Search, Seizure, and Immigration Enforcement (Rev 3/15). (5 pages.) |
| HH | Sacramento County Sheriff's Department Operations Order 07/01 – Domestic Violence (Rev 5/18). (8 pages.) |
| II | Sacramento County District Attorney's Office Toxicology Report for Daniel James, dated September 26, 2016 (2 pages - DEF_0260-0261.) |