UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAMES, | No. 2:18-cv-00180-DAD-SCR |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| SACRAMENTO COUNTY, et al., | (Doc. No. 116) |
| Defendants. | |

On March 11, 2025, plaintiff Daniel James filed a motion for default judgment against defendants Meier and Parker. (Doc. No. 116 at 2.) In the alternative, plaintiff seeks to reopen discovery and continue the trial by 60 to 90 days. (*Id.* at 5.) For the reasons explained below, the court will deny plaintiff's motion in its entirety.

On February 26, 2025, defendants Meier and Parker filed late answers to plaintiff's operative complaint. (Doc. Nos. 108, 109.) On February 21, 2025, plaintiff objected to these late-filed answers. (Doc. No. 112 at 2.) The court construed this objection as a motion to strike the late-filed answers and denied the motion to strike. (Doc. No. 117 at 13.)

Plaintiff's motion for default judgment must also be denied because plaintiff did not first obtain entry of default pursuant to Federal Rule of Civil Procedure 55(a). *Hahn v. Waddington*,

/////

/////

1

782 F. App'x 607, 608 (9th Cir. 2019)[1] ("The district court did not abuse its discretion by denying Hahn's motion for default judgment because Hahn did not obtain entry of default[.]"); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("two-step process required by Rule 55").

Furthermore, "[o]ur starting point is the general rule that default judgments are ordinarily disfavored." *Eitel*, 782 F.2d at 1472. "Cases should be decided upon their merits whenever reasonably possible." *Id.*

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72. With respect to the possibility plaintiff will be prejudiced, plaintiff argues "[i]t was believed that the two Defendant's [sic] conceded to the Law Suit [sic], and no further investigation would be necessary." (Doc. No. 116 at 3.) However, because plaintiff had not sought or obtained entry of default or default judgments against either defendant Meier or Parker, this purported belief on plaintiff's part was unfounded. Plaintiff also argues it is unfair that discovery has closed in this action. (*Id.*) Plaintiff had ample opportunity to pursue discovery on defendants Meier and Parker prior to close of discovery. Indeed, this action was initiated by plaintiff over seven years ago and under the court's scheduling order discovery closed as of May 20, 2024. (Doc. Nos. 1, 53.) Therefore, plaintiff has not demonstrated he will be prejudiced by the failure of defendants Meier and Parker to timely file their answers. Nor has plaintiff demonstrated that any of the remaining factors for entry of a default judgment favor such action here.

Accordingly:

1. The hearing on plaintiff's motion for default judgment (Doc. No. 116) is VACATED;

---

[1] Citation to unpublished Ninth Circuit opinions is appropriate pursuant to Ninth Circuit Rule 36-3(b).

2. Plaintiff's motion for default judgment (Doc. No. 116) is DENIED;

3. Plaintiff's motion to reopen discovery (Doc. No. 116) is DENIED; and

4. Plaintiff's motion to continue the jury trial scheduled to commence on March 25, 2025 at 9:00 a.m. (Doc. No. 116) is DENIED.[2]

IT IS SO ORDERED.

Dated: **March 13, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] Finally, the court notes that its final pretrial order provides that "[e]ach party may call any witnesses designated by the other." (Doc. No. 117 at 7.) If either party intends to call a witness designated by the other during the presentation of their case at trial, they are directed to contact the opposing party and arrange to have the witness present at the date and time they will be called to testify. The parties are directed to cooperate with each other in this regard, as well as with respect to all other matters relating to the trial of this action. The court does not intend to waste the valuable time of the jurors selected to hear this case due lack of communication between the parties.

3